23756, 23803.   NATIONAL BELLAS-HESS COMPANY *et al.* v. PATRICK, and *vice versa.*

DECIDED JUNE 21, 1934.

*John M. Slaton, McDaniel, Neely & Marshall,* for plaintiff in error.

*Carpenter & Ellis,* contra.

GUERRY, J.   Mrs. Frances E. Patrick brought an action for damages against the National Bellas-Hess Company and the Ross-Frankel Contractors Inc., alleging: that she entered the store of the defendant company with a view of making a purchase, when the store was being remodeled by the Ross-Frankel Company; that

the interior of the store was so arranged that the tables upon which merchandise was displayed were placed so as to form aisles, and on the sides of the store were counters with shelves back of them, against the walls; that the employees of the Ross-Frankel Company had placed lengthwise of one of said tables a stack of two by four timbers which protruded out from the overlapping top of said table into the passageway used by the customers of said store, said stack protruding out approximately six or eight inches, and said stack of timbers being approximately three feet in height, nearly to the top of the table; that the artificial light over this particular table was so arranged as to cast a shadow by the edge of said table, *making it difficult for plaintiff and other customers to see said stack of timbers,* the aisle being approximately four feet in width; that there had also been placed alongside said stack of timbers lengthwise on the floor two pieces of plank, one by twelve inches, twelve feet long, one on top of the other making a rise of approximately three inches above the floor; that in going to the counter or table against which was placed this stack of timber she tripped over the two planks laid on the floor and fell or caught with her hands against the table and sustained certain named injuries by wrenching and straining her back; and that she could not have discovered the presence of the planks by the use of ordinary care. A demurrer to this petition was sustained with leave to amend. By amendment, the allegation with reference to the position of the lights and tables so as to cast a shadow, "making it *difficult* [italics ours] for plaintiff and other customers in the store to have ascertained the presence of said stack of timbers," was stricken, and in lieu thereof the following was inserted, "making it *impossible* [italics ours] for plaintiff to observe the timber so arranged in said passageway or alongside of said tables." The petition was further amended as follows: "Petitioner could not see the timbers placed alongside of the said tables or the timbers in the aisle, nor did she have warning of any kind that there was anything on said floor or in said passageways, in that the artificial lights for the lighting of the display of goods on the tables in said basement were so arranged that the lights fell on the top of the tables and the protruding parts of the table prevented the lights from shining or disclosing the timbers referred to. The timbers were hidden from the view of your petitioner and were not disclosed to her until after she

had fallen upon them. . . Your petitioner alleges that the timbers along the edge of said aisle and against the edges of the tables were not obvious to her, and could not by the exercise of ordinary care have been seen and discovered by the petitioner. Your petitioner could not see the timbers in said aisle or against said tables, *because they were hidden from her view and from the view of people walking along the passageways in said store.* [Italics ours.] Further, the artificial lights in said store were so arranged and so dim *they made it impossible* for anyone to see said timbers. . . The timbers were arranged in such a manner that they would not be observed by *anyone approaching the passageway,* and it appeared to your petitioner that there was nothing in said passageway that would cause her to stumble or fall. . . Plaintiff could not have avoided the injury, inasmuch as *she could not have seen* the hidden danger heretofore alleged in said petition." The evidence of the plaintiff herself is to the effect that she did not look at the floor at the time she stumbled over the planks. She was making a purchase at one table and saw some of the goods she wanted over at the table where the timbers were stacked and turned to go over to this table. She testified: "I was not looking down. I was looking at the material on the counter and I was not looking at the floor." The evidence shows that the timbers or planks were newly planed, bright, new lumber, and, from testimony of the plaintiff's own witnesses as well as the pictures, which were admitted by the plaintiff to represent correctly the situation in the store, the light was not so placed as to cast shadows so as to make it *impossible* for the timbers to have been seen. The son of the plaintiff, who examined the premises immediately after the happening, testified: "That is clear, the way is clear and in view, when you come down the steps that aisle and counter is visible, in view. Yes, it would be visible to any person who would hold their head down and look where they were going ordinarily. When I went down the steps and looked in that direction the lumber was visible, I could see it, because I was looking for it." The plaintiff predicated her case by amendment upon the allegation that the lights were so placed with reference to the tables upon which merchandise was exhibited, but the evidence failed entirely to substantiate this material allegation, but, on the contrary, showed that the timbers could have been seen, and that she did not look at the floor and stumbled because she did not look where she was going.

The law of the case has been determined by the pleadings. The plaintiff having alleged that on account of the dimness and placing of the lights 'with reference' to timbers over which she stumbled it was impossible for her to see the timbers, and, her evidence showing that she did not look where she was going and that the timbers were clearly visible and could easily have been seen by anyone who did look, we think the jury's verdict in favor of the defendant was demanded, and that the error, if any, on the part of the trial court in allowing the jury to inspect the premises over the objection of the plaintiff was harmless. We recognize the rule as laid down in the Civil Code, § 6204, and long followed by the Supreme Court and this court, that the first grant of a new trial will not be disturbed unless the law and the facts demand the verdict rendered. In *Merriam* v. *Atlan'a,* 61 *Ga.* 222, it was said: "The first grant of a new trial will not be reversed by this court unless the record clearly makes it appear that the law and facts require the verdict." See also *Cox* v. *Grady,* 132 *Ga.* 368 (64 S. E. 262); *Smith* v. *Maddox-Rucker Banking Co.,* 135 *Ga.* 151 (68 S. E. 1031); *Johnson* v. *Georgia Railroad &c. Co.,* 102 *Ga.* 577 (27 S. E. 681). The movant in the court below filed his motion on the general grounds and one amended ground,—that the court committed error in allowing the jury to inspect the premises over the objection of counsel for movant. Conceding, but not deciding, that such action by the court was error, it does not, as we have already pointed out, require the grant of a new trial where the verdict rendered is demanded by the evidence; and we hold that the judge abused his discretion in awarding a new trial.

In the cross-bill of exceptions Mrs. Patrick complains because the court passed an order directing that the costs of writing up the stenographic report of the case be assessed against her. The case was reported by the court stenographer. The movant in filing her brief of evidence did not use the stenographic report, but from notes made by her counsel during the trial and from memory wrote up a brief of the evidence, which the trial judge refused to approve, for the reason that on account of the lapse of time he was unable to remember all the evidence adduced in the trial, which had consumed two days. Counsel for movant then had movant make affidavit that because of her poverty she was unable to pay the costs of having the stenographic report of the evidence transcribed. The

defendant's counsel introduced at the hearing a tax return made by movant for the year 1933, showing real estate of the value of $900. The court then ordered the stenographic brief written out by the reporter filed as the correct brief of evidence in the case. The court thereafter passed an order taxing against the plaintiff the cost of transcribing the record, which is the order she complains of. The trial judge might himself accept such stenographic report and brief therefrom as the correct brief of evidence and adopt and approve it as such although the movant be not required to use it in making out and tendering his brief of evidence. Under section 4984 of the Civil Code the court may direct the stenographer to take stenographic notes of the testimony and proceedings. Under § 4985 payment therefor shall be made in such manner as may be prescribed by the presiding judge. In *Central Railroad &c. Co.* v. *Robertson,* 92 *Ga.* 741 (18 S. E. 986), it was said: "The statute gives the judge no power to require the party moving for a new trial, or his counsel, to make up the brief of evidence from the official stenographer's report, or to produce the report, or a copy of it, to be used in verifying the brief." A failure of the counsel for movant so to use or compare the official stenographic report is no ground for a dismissal of the motion for new trial. This principle was definitely decided in the case of *Camp* v. *Curry-Arrington Co.,* 46 *Ga. App.* 17 (166 S. E. 428). The trial judge, if needful, as in the present case, has the authority to avail himself of a long-hand report of the official stenographer's report of the proceedings, so that he may properly revise, examine and approve the brief of evidence tendered to him. As was said in the *Robertson* case, supra, "The report of the testimony and proceedings upon the trial of a case is in no sense a brief of the evidence, and was never so intended. This report may be, and doubtless very often is, quite useful in preparing and verifying a brief of evidence. The parties can, by agreement, have the report made, and arrange between themselves and the stenographer for his compensation. If no agreement is made, the presiding judge may, of his own motion, direct the stenographer to take down in shorthand the testimony and other proceedings; and he may also, as already stated, prescribe by whom, and what amount, the stenographer shall be paid." These notes so taken, as stated above, are not the brief but may be used by the trial judge in verifying the actual brief tendered him. The in-

ability of the party to pay for this stenographic report which the trial judge may order for his own information does not preclude the court directing that it shall so be paid and a fi. fa. issued therefor. The order may be ineffective in producing the payment. Such party is liable therefor as any other costs of the case. The clerk and the sheriff are entitled to an order or fi. fa. for their costs, irrespective of the ability of the movant to pay.

*Judgment reversed on main bill of exceptions; affirmed on cross-bill. Broyles, C. J., and MacIntyre, J., concur.*