30104. TINLEY *v.* F. W. WOOLWORTH CO.

Decided November 10, 1943. Rehearing denied December 20, 1943.

392

*E. W. Maynard, S. G. Jones,* for plaintiff.
*Martin, Martin & Snow,* for defendant.

MacIntyre, J. The petition alleged that the plaintiff was in the defendant's store as an invitee, and that "the scales at the time [she] was injured were in the aisleway or passageway over which customers passed going in and out of the store. The upright part of the scales, which is the back part, was pointing toward the corner of the store where the front wall and the east wall come together, and the platform part of the scales was in the passageway over which the customers went in and'out of the store." This corner of the store, according to the petition, was to the right of the aisle which the plaintiff was using as she was leaving the store. Construing the petition on general demurrer most strongly against the pleader, the scales were entirely within the aisleway, but the weighing or platform part extended further into the aisle than the upright part into which the money was deposited. There is no express allegation in the petition that the scales, or any part thereof, were concealed from the plaintiff's view; and when we construe the pleading most strongly against the pleader, we think that the petition alleged that the scales were in full view of the plaintiff if she had looked ahead in the direction in which she was going; that at the time her foot struck the bottom of the scales, she was looking at some merchandise displayed on the counter near her, and when looking at such merchandise, the scales were not in her line of vision, and she did not see them. Thus under the allegations of the petition, construed most strongly against the plaintiff, we do not think that the question of visibility was involved.

It should be borne in mind that the merchant, the occupier of the building, is not an insurer. As has been said in one case, "What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use." *McCrory Stores Corporation* v. *Ahern, 65 Ga. App.* 334, 340 (15 S. E. 2d, 797). The degree of diligence required here "is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances." Code, § 105-201. The question here is, could the mischief have reasonably been foreseen? The rule must be applied with reference to the situation of the property and its arrangement for the conduct of the business. A merchant must have a place to locate his goods, counters, and appliances with which to conduct his business, and when such appliances are not placed so as to threaten danger to those visiting the store,

and are in full sight, and within the observation of every one, the merchant is not liable for accidents which result from carelessness and inattention to the surroundings. We do not think that the allegations of the petition show that the defendant neglected any duty it owed to the plaintiff. The plaintiff was not exposed to any unreasonable and concealed danger. There was nothing in the manner in which the scales were placed and kept in the aisle from which such a result could be reasonably anticipated. The scales were described as follows: "The platform of the scales . . is about thirteen inches from front to the back and about eleven and one-half inches wide. The length of the scales from front to back is about twenty-three inches. The upright piece at the back . . is about six inches wide and about four and a half feet high. The distance from the floor of the building to the bottom of the platform of the scales is about one inch. The scales are made of iron or steel and weigh about one hundred pounds." There was nothing unusual in the placing of such a set of scales of the size and dimensions in question in the aisle of the defendant's store, to be used in connection with the defendant's business. Such a practice is in common use for stores of the same kind as the defendant's, as well as for various other kinds of stores. The scales were obvious to everyone using the aisle. The plaintiff had no right to complain of the absence of accommodation of an unusual kind. To paraphrase the language used in the case of *National Bellas-Hess Co.* v. *Patrick,* 49 *Ga. App.* 280, 283 (175 S. E. 255) : If she did not look where she was going, and the scales were clearly visible, and could easily have been seen by anyone who did look, she could not recover. *Thomson Spot Welder Co.* v. *Fairbanks Co.,* 37 *Ga. App.* 774 (141 S. E. 923) ; *Williamson* v. *Kidd,* 65 *Ga. App.* 285 (15 S. E. 2d, 801) ; *Vaissiere* v. *J. B. Pound Hotel Co.,* 184 *Ga.* 72 (190 S. E. 354), citing *Executive Committee of the Baptist Convention* v. *Wardlaw,* 180 *Ga.* 148 (178 S. E. 55), and the dissenting opinion in *Wardlaw* v. *Executive Committee of the Baptist Convention,* 47 *Ga. App.* 595 (170 S. E. 830) ; Hart *v.* Grennell, 122 N. Y. 371 (25 N. E. 354) ; Larkin *v.* O'Neill, 119 N. Y. 221 (23 N. E. 563).

The cases cited in the brief of the plaintiff in error are distinguishable by their particular facts from the instant case. The judge properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*