35500.   RICH'S, INC. *v.* SOUTH.

Decided February 9, 1955.

A. Paul Cadenhead, Nall, Sterne, Miller, Cadenhead & Dennis, for plaintiff in error.

William P. Holley, Jr., contra.

GARDNER, P. J. Counsel for both parties make the statement that the general rule of law is recognized to the effect that negligence, contributory negligence, proximate cause, and failure to exercise care for one's own safety are generally questions of fact to be determined by the jury. And further, that there are some instances in which this question must be determined as a matter of law. Then counsel for both parties cite in support of this principle Tinley v. F. W. Woolworth Co., 70 Ga. App. 390 (28 S. E. 2d 322). In that case the court said: "It should be borne in mind that the merchant, the occupier of the building, is not an insurer. As has been said in one case, 'What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good businessman is in such matters accustomed to use.' McCrory Stores Corp. v. Ahern, 65 Ga. App. 334, 340 (15 S. E. 2d 797)." We concede that the principle of law is correctly stated. In McMullan v. Kroger Co., 84 Ga. App. 195 (65 S. E. 2d 420), cited by counsel for both parties, this court, in affirming the sustaining of a general demurrer to the petition involved, said: "Whether the structure was dangerous depends largely on whether the structure was such as would not necessarily be seen by the plaintiff in the exercise of ordinary care. The structure was on the surface, not hidden, and could easily have been seen by the plaintiff had he been exercising ordinary care in observing where he was walking. . . The only reasonable inference from the allegations of the

petition is that the structure was such as could have been seen by the plaintiff in the exercise of ordinary care, and that the alleged injury was the result of the failure on the part of the plaintiff to exercise such degree of care for his own safety." In that case a customer stumbled over a concrete bar 3½" to 6" high.

As will be noted from the case of *Miller* v. *Bart*, 90 *Ga. App.* 755 (84 S. E. 2d 127), the operator of a filling station was talking to the injured person immediately before the mishap; the automobile had been placed so that there was a question as to whether or not the customer could have reasonably noticed the jack; the automobile was placed there while the customer was in the station paying a bill—in fact, there were circumstances from which one could infer lack of ordinary care on the part of the filling station operator, and also on the part of the customer. Thus the case was properly remanded to a jury for determination. In the instant case, the circumstances are not complicated, and it seems clear to us that the customer of the defendant could have easily foreseen the injury by the use of ordinary care for her own safety.

The trial court sustained the general demurrer, and the Court of Appeals held that the ruling was correct, that the alleged injury was the result of the failure on the part of the injured party to exercise due care for his own safety. We do not feel that *Miller* v. *Bart*, supra, is analogous to the instant case. In the *Miller* case the attention of the injured person was being diverted by the operator of the filling station, and further, the jack over which the customer stepped was concealed by an automobile. The case was remanded to a jury to determine whether or not the customer could have avoided the injuries by the exercise of ordinary care. There the petition did not show as a matter of law that the plaintiff had reason to apprehend the existence of the defendant's lack of ordinary care, and thus could have avoided her resulting injuries by the exercise of ordinary care for her own safety.

In the instant case, as in *National Bellas-Hess Co.* v. *Patrick*, 49 *Ga. App.* 280 (175 S. E. 255), there is nothing to indicate that the injured party could not have observed the obstruction. The *National Bellas-Hess Company* case (which went to a jury)

was reversed by this court because the trial judge abused his discretion in granting a new trial—the instant case is here on general demurrer.

The trial court erred in overruling the general demurrer.

*Judgment reversed.   Townsend and Carlisle, JJ., concur.*