38336. BIG APPLE SUPER MARKET OF ROME, INC. v. BRIGGS.

DECIDED JUNE 29, 1960.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* for plaintiff in error.

*Fullbright & Duffey, Henry J. Fullbright, Jr.,* contra.

FELTON, Chief Judge. "A merchant has the right to place display baskets in the aisles of his store and he may place cartons and containers in the aisles while he places articles on the display shelves, and a customer may expect to find such objects in the aisles; nevertheless, the merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone." *Kitchens v. Davis,* 96 Ga. App. 30, 34 (1) (99 S. E. 2d 266). It is contended that the petition fails to set forth a cause of action and shows affirmatively that the plaintiff's injury was caused by her own negligence in failing to observe and avoid the article in the aisle. "The customer is not bound to avoid tripping or stumbling over articles which are not usually, or are unusually, obstructing the aisles of a store, and which in the exercise of ordinary care he did not observe. He is not barred of a recovery simply because by extreme care on his part it would have been possible for him to have discerned the articles negligently left in the aisles or passageways customarily used by the store patrons at the merchant's tacit invitation." *King Hardware Co. v. Teplis,* 91 Ga. App. 13, 15 (84 S. E. 2d 686).

The question whether the plaintiff might have discovered the articles in the aisle by the exercise of ordinary care must be determined in the light of the attendant circumstances. *Kitchens v. Davis,* 96 Ga. App. 30, supra. The petition alleges that her attention was diverted by displays of merchandise on nearby shelves. It is therefore a question for the jury whether she should, in the exercise of ordinary care, have discovered the carton in the aisle and avoided tripping over it. *Stanfield v. Forrest Five &c. Stores,* 95 Ga. App. 739 (99 S. E. 2d 167) and cits.; *Rich's, Inc. v. Denmon,* 101 Ga. App. 600 (1) (114 S. E. 2d 462).

Under the facts here alleged, the jury could find that the carton in question was negligently placed so as to protrude into the aisle in such a manner as to threaten danger to customers whose attention was diverted from the floor by adjacent displays of merchandise. The court did not err in overruling the defendant's general demurrer to the amended petition.

*Judgment affirmed. Nichols and Bell, JJ., concur.*