39950. COLONIAL STORES, INC. v. OWENS.

DECIDED FEBRUARY 15, 1963—
REHEARING DENIED FEBRUARY 28, 1963.

*Glover & Davis, Smith, Kilpatrick, Cody, Rogers & Mc-Clatchey, Barry Phillips, Thomas E. Joiner,* for plaintiff in error. *Sanders & Mottola, Willis G. Haugen,* contra.

EBERHARDT, Judge. The petition here is strikingly like that in *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375 (124

SE2d 688). The only substantial difference that we can see is that in *Redding* it was alleged that the placing of the sign on the sidewalk was negligence *per se* under the provisions of a city ordinance. Here there is no ordinance. But we think, under the facts alleged, that whether it was negligence as a matter of fact so to place and maintain the sign is for the jury. The distinction between the situation here and parking lot cases, such as *McMullan v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420); *Ely v. Barbizon Towers, Inc.*, 101 Ga. App. 872 (115 SE2d 616); *McHugh v. Trust Co. of Ga.*, 102 Ga. App. 412 (116 SE2d 512); and *Carmichael v. Timothy*, 104 Ga. App. 16 (120 SE2d 814) is readily apparent. In none of those cases was the distraction of a crowd, signs on store windows, etc. involved, nor was the injury complained of one that might have been reasonably foreseeable by those who owned or maintained the parking lots. We think that here the defendant, from its knowledge that crowds of people gather in the area where the sign was placed— which it must have had from past experience—was sufficient to bring within the range of foreseeability the likelihood that some one of them might be tripped by the sign supports, and a jury may well conclude that the defendant should have anticipated it. The facts place the case in a category close to that of *National Bellas-Hess Co. v. Patrick*, 49 Ga. App. 280 (175 SE 255); *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334 (15 SE2d 797); *Tinley v. F. W. Woolworth Co.*, 70 Ga. App. 390 (28 SE2d 322); *Lane Drug Stores, Inc. v. Story*, 72 Ga. App. 886 (35 SE2d 472); *Delay v. Rich's, Inc.*, 86 Ga. App. 30 (70 SE2d 546); *Moore v. Kroger Co.*, 87 Ga. App. 581 (74 SE2d 481); and *Rich's, Inc. v. South*, 91 Ga. App. 487 (85 SE2d 774), but as Judge Custer pointed out in *Redding*, supra, the distraction calculated to divert attention from the impending peril lifts it out. See *Glover v. City Council of Augusta*, 83 Ga. App. 314 (63 SE2d 422); *Stanfield v. Forrest Five &c. Stores*, 95 Ga. App. 739, 741 (99 SE2d 167) and citations. If there had been no distraction here, or if the jury should not find it to have existed, the conclusion seems inescapable that the distinction would fade away.

It is likewise a jury question as to whether the plaintiff was in the exercise of ordinary care for her own safety when she

438

suffered the injury. *Big Apple Super Market of Rome v. Briggs,* 102 Ga. App. 11 (115 SE2d 385) ; and *Redding,* supra.

The overruling of the general demurrer was proper.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*