### 57773. SEARS, ROEBUCK & COMPANY v. CHANDLER et al.

QUILLIAN, Presiding Judge.

This is a "trip and fall" case. Plaintiff, Mrs. Ruby Chandler, was shopping in Sears for a birthday gift and a light fixture for her church. The light fixtures were hanging from a high beam. As she came to the end of the main display counter, she attempted to turn right but her leg struck a raised platform, called an "endcap." An "endcap" is a display platform, approximately "2 x 4" feet in width, about 10 inches high, and is "located at the end of a line of fixtures . . ." It is used to display merchandise but this particular endcap was empty. The other endcaps had merchandise displayed upon them. Although this was a "main aisle," there were endcaps at the end of each main display counter which extended out into the main aisle. From the photograph of this area, it appears that the endcap is the same width as the display counter and that each main display counter has a solid end piece which rises approximately two feet high, then recesses toward the center of the counter about one foot, and then extends upward for another two and one-half feet. When a person is proceeding down the main display counter toward the main aisle, the endcap at the end of the counter is partially — if not totally, obscured from a customer's view by the end of the main display counter — unless merchandise is displayed on the endcap which would rise above the end piece of the main display counter.

Mrs. Chandler testified that she "was looking at merchandise . . . not looking at [her] feet." She was paying attention to where she was going but "was looking at things just in general on the counter." She described the incident as: "I was dodging the top of the counter and hit the bottom . . . I was missing the counter. I didn't see the low thing. If they had of had something over it I would have missed it . . . It was that height. It was that low on the floor." When she tripped, she grabbed for the end of the counter and alleges that she seriously injured her back.

The defendant appeals from a jury verdict for the plaintiff. *Held:*

1. Defendant alleges the court erred in failing to direct a verdict for defendant and denying its motion for judgment notwithstanding the verdict. We do not agree. Plaintiff was an invitee of defendant. An owner or occupier of retail premises is not an insurer of the safety of invitees (*Hammonds v. Jackson,* 132 Ga. App. 528, 531 (208 SE2d 366)) but a duty rests upon it to exercise ordinary care to keep the premises safe for persons coming thereon by its invitation. *Simpson v. Dotson,* 133 Ga. App. 120, 122 (210 SE2d 240). An invitee may rely upon the proper discharge of this duty by the owner or occupier and is not, as a matter of law, guilty of negligence in failing to discover the existence of a patent defect in the premises which could render it unsafe for persons coming upon the premises. *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342, 343 (226 SE2d 142). However, the customer-invitee must make use of all of his or her senses in a reasonable measure — amounting to ordinary care, in discovering and avoiding those things that might cause injury to him. It is his duty to exercise ordinary care to observe such obstructions as an ordinarily prudent person would, under normal conditions, expect in the aisles of the place of business in which he is an invitee. *King Hardware Co. v. Teplis,* 91 Ga. App. 13, 15 (84 SE2d 686). Looking continuously, without interruption, for defects in the premises is not required. *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731, 733 (149 SE2d 527). The invitee is not bound to avoid tripping or stumbling over articles which are not usually obstructing aisles of a store, and which in the exercise of ordinary care he did not observe. Neither is he barred from recovery simply because by extreme care on his part it would have been possible to have discovered the article or obstruction left in the aisle customarily used by patrons. *Big Apple Super Market v. Briggs,* 102 Ga. App. 11, 14 (115 SE2d 385).

A merchant has the right to display merchandise on racks, shelves, and platforms as he may desire — including placing merchandise in the aisles. " '[N]evertheless, the merchant must so place such articles so as not to threaten danger to those using the aisle and so

that they are in full sight and within the observation of everyone." *Kitchens v. Davis,* 96 Ga. App. 30, 34 (1) (99 SE2d 266)." *Big Apple Super Market v. Briggs,* 102 Ga. App. 11, 14, supra. Platforms are usual accessories in retail stores used to display wares of a merchant. In and of themselves, they are not inherently dangerous — and when properly illuminated and placed so as not to threaten or endanger those visiting the store — within full sight and observation, the merchant is not liable for accidents caused by the carelessness and inattention of patrons. *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623); *Lane v. Maxwell Bros. &c., Inc.,* 136 Ga. App. 712, 713 (222 SE2d 184).

"Numerous cases are cited to the effect that where the obstruction is in some way hidden, camouflaged, or intrinsically unsafe, the question of ordinary care in the plaintiff is for the jury, but where it is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve him from the responsibility for his misadventure." *Moore v. Kroger Co.,* 87 Ga. App. 581, 583 (74 SE2d 481); *Miller v. Bart,* 90 Ga. App. 755, 758 (84 SE2d 127); *Colonial Stores v. Owens,* 107 Ga. App. 436, 437 (130 SE2d 616).

This "plain view" doctrine must be considered in conjunction with the duty of the merchant to keep his premises in a safe condition, and where he creates a "distraction" which diverts the customer's attention so as to be the proximate cause of an injury in colliding with what otherwise might be a patent and safe appurtenance, such "distraction" can constitute actionable negligence. *Jackson Atlantic, Inc. v. Wright,* 129 Ga. App. 857 (1) (201 SE2d 634). The basis for such rationale is clear. The true ground for tort liability in such situations is the "proprietor's superior knowledge" of the perilous instrumentality and the possible danger therefrom to persons going upon the premises. *Angel v. Varsity, Inc.,* 113 Ga. App. 507 (148 SE2d 451); *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342, 344, supra. The merchant is fully aware — or should be cognizant that the usual shopper travels the aisles with his attention directed toward the item he seeks and the prices of the displayed

articles. The merchant deliberately attempts to draw the shopper's attention to selected items that he places on sale or features by signs, price cuts, or other displays. Accordingly, it would appear that the "superior knowledge" of the peril is with the merchant who placed the object in the aisle and the item which distracts the attention of the shopper. This court analyzed the "distraction theory" in *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375, 378 (124 SE2d 688), where we held: "The doctrine that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril is well recognized . . . The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur."

This court thoroughly discussed the two lines of cases regarding the "plain view" doctrine and the "distraction" rationale in *Stenhouse v. Winn Dixie Stores,* 147 Ga. App. 473 (249 SE2d 276) where we held that the issue could not be determined as a matter of law and was a question for the jury. We reaffirmed the general rule that issues of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection are ordinarily for the jury *(James v. Sears, Roebuck & Co.,* 140 Ga. App. 859 (232 SE2d 274)) and are usually incapable of summary adjudication and should be resolved by trial. *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336). Whether the invitee customer might have discovered the article or obstruction in the aisle and avoided the injury to himself by the exercise of ordinary care, must be determined in the light of all the attendant circumstances *(Big Apple Super Market v. Briggs,* 102 Ga. App. 11, 14, supra), and is a question for the jury. *Gray v. Delta Air Lines,* 127 Ga. App. 45, 52 (192 SE2d 521). Accordingly, the trial court did not err in denying defendant's motions for directed verdict and judgment n.o.v.

2. The defendant contends "[t]he verdict of ($18,000)

. . . was excessive and unreasonable, and indicated bias and prejudice under the circumstances, in view of the fact that the jury first returned a verdict for Mrs. Chandler in the amount of ($8,000) . . ." First — the jury did not return a verdict for Mrs. Chandler in the amount of $8,000. The jury returned to the courtroom and the court asked: ". . . is there some communication you wish to make with the Court? Foreman: Yes sir. As Foreman of the Jury I will state we have reached a verdict and have directed it in a certain manner, but we are not certain that we can do this. May I read what we have found? The Court: Yes ma'am? Foreman: Or do we need to discuss this with anyone? The Court: I think perhaps you just read what you have found." The foreman then read that they found for Mrs. Chandler in the amount of $8,000, Mr. Chandler — $4,500 and "attorney's fees and the court costs to be paid by the Defendant." The court advised the jury that they could not award attorney's fees and court costs would be as provided by law. He then directed that they "go back and reconsider and arrive at a verdict which is acceptable to all twelve of you in conformity with the instructions I have just given you." The court then inquired as to exceptions. Defendant's attorney stated: "None to what the Court told them. That was what the question was limited to." After the jury returned and published the verdict, the court asked if there was any challenge to the form of the verdict. Defendant's counsel stated: "No sir, not as to the form." Thus, no challenge was asserted by the defense to the court charge, procedure, and form of the verdict. On appeal, the enumeration is directed solely toward the verdict being "excessive and unreasonable."

This court held in *Realty Bond &c. Co. v. Harley,* 19 Ga. App. 186, 187 (91 SE 254): "Before the verdict will be set aside on the ground that it is excessive, where there is no direct proof of prejudice or bias, the amount thereof, when considered in connection with all the facts, must shock the moral sense, appear 'exorbitant,' 'flagrantly outrageous,' and 'extravagant.' 'It must be monstrous indeed and such as all mankind must be ready to exclaim against at first blush.' It must carry its death warrant upon its face." Further, as the judgment was for pain and suffering, the rule regarding damages is "The law fixes no

measure for pain and suffering except the enlightened conscience of impartial jurors . . ." *City of Rome v. Davis,* 9 Ga. App. 62, 67 (70 SE 594).

As stated above, the verdict was not received, published or recorded upon the first inquiry of the jury. See *Haughton v. Judsen,* 116 Ga. App. 308, 311 (157 SE2d 297). A verdict which has been received and recorded may not be amended in matters of substance. *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862). But, even the court has the power to reform informal verdicts into the correct form. *Peyton v. Peyton,* 236 Ga. 119, 122 (223 SE2d 96). However, where the announcement by the jury is an inquiry — and not a pronouncement, "[t]he law allows the jury all reasonable opportunity, before their verdict is put on record and they are discharged, to discover and declare the truth according to the judgment." 76 AmJur2d 170, Trial, § 1214. "The jury have the right and power to correct or change their verdict at any time before it has been finally recorded and they have been discharged." 89 CJS 190, Trial, § 511; see *Smith v. Pilcher,* 130 Ga. 350, 354 (60 SE 1000) and cits.; see also *Blalock v. Waldrup,* 84 Ga. 145 (2) (10 SE 622); *Seaboard Air Line R. v. Randolph,* 136 Ga. 505 (6) (71 SE 887); *Piedmont Cotton Mills v. General Warehouse &c., Inc.,* 222 Ga. 164, 171 (149 SE2d 72).

"On appeal the evidence is to be construed to sustain, rather than to destroy the verdict, for every presumption and inference is in its favor." *Atlanta Coca-Cola Bottling Co. v. Jones,* 135 Ga. App. 362, 368 (218 SE2d 36). Applying the standards cited above to the facts of this case, we do not find the award of $18,000 to be excessive as a matter of law. *National Trailer Convoy, Inc. v. Sutton,* 136 Ga. App. 760 (1) (222 SE2d 98).

3. The trial court did not err in refusing to charge defendant's request to charge that if the object over which the plaintiff stumbled was plainly visible and the cause of the fall was her failure to look where she was going, she could not recover. The decision of this court in *Stenhouse v. Winn Dixie Stores,* 147 Ga. App. 473, 474, supra, discussed the "plain view" versus the "distraction" doctrine. The trial court was fully aware of the *Stenhouse* decision and cited it as the basis of his denial of

defendant's motion. The court correctly charged on the duty of Mrs. Chandler to exercise care for her own safety and if her failure to exercise ordinary care was the proximate cause of her injury that she could not recover. We find no merit to this enumeration.

4. The court did not err in charging on the "distraction" theory as it was supported by the testimony of Mrs. Chandler and was appropriate as a matter of law. *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375, 378, supra; *Stenhouse v. Winn Dixie Stores,* 147 Ga. App. 473, supra.

5. For the reason stated above, it was not error to deny defendant's motion for a new trial.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED MAY 9, 1979 — DECIDED OCTOBER 11, 1979 — REHEARING DENIED NOVEMBER 21, 1979.

*Eugene A. Epting,* for appellant.
*Stephen H. McElwee, James Ernest Hudson,* for appellees.