### 73690. KRES v. WINN-DIXIE STORES, INC.
(360 SE2d 415)

CARLEY, Judge.

Appellant-plaintiff fell while shopping in appellee-defendant's retail grocery store. The object which caused appellant's fall was a flat-

bed cart approximately 4-½ feet long, 2 feet wide, and sitting some 9-½ inches from the floor. The two long sides of the cart were open, but both ends were enclosed by walls approximately 5 feet high. The cart was used by appellee to transfer products from storage to display areas and was painted green. On the day that appellant fell, the cart was empty and sitting immediately in front of a case wherein eggs were displayed. As appellant reached for a carton of eggs from the display case, she somehow stumbled and fell. According to appellant, she did not see the cart and tripped over it. However, there was also evidence that she stepped onto the cart and fell from it. Appellant's suit for damages against appellee was tried before a jury. Appellant appeals from the judgment entered by the trial court on the jury's verdict in favor of appellee.

1. The jury was authorized to find that the cart was a "usual" obstruction in the aisles of appellee's store and that a customer would, therefore, have a duty to maintain a lookout ahead for its presence in his path. See *King Hardware Co. v. Teplis*, 91 Ga. App. 13, 15 (84 SE2d 686) (1954); *Kitchens v. Davis*, 96 Ga. App. 30, 34 (99 SE2d 266) (1957). For this reason, appellant requested a charge on the distraction theory and enumerates as error the trial court's refusal to give her request. The distraction theory provides " 'that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril. . . . The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur.' " *Stenhouse v. Winn-Dixie Stores*, 147 Ga. App. 473, 475 (249 SE2d 276) (1978). Thus, where the plaintiff's attention is distracted *away* from an obstruction that, in the exercise of ordinary care for his own safety, he otherwise could and would have seen and avoided, he can still recover. See generally *Stenhouse v. Winn-Dixie Stores*, supra; *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (1) (263 SE2d 171) (1979). The only distraction alleged in this case is appellee's display of eggs. The egg display itself could not, however, have distracted appellant's attention away from the presence of appellee's cart in her path as she approached it. The cart was sitting immediately in front of the egg display so that one approaching that display intending to pick up a carton, as was appellant, would necessarily have seen the cart had he been looking ahead and in that direction. If appellant's attention had been directed toward the egg display, "her attention was directed *to the very direction in which she was walking,* and she was not relieved of the duty of avoiding a large, familiar, and conspicuous object in her path. [Cits.] It is generally incumbent upon one to use his eyesight for

the discovering of any obstruction that may have been placed in the way. [Cits.]" (Emphasis supplied.) *Slaughter v. Slaughter*, 122 Ga. App. 374, 379 (177 SE2d 119) (1970).

From the evidence, it would appear that appellant did not maintain a lookout ahead prior to her arrival at the egg display. When she did reach the display, she merely stepped forward and reached for a carton without looking where she was stepping. This evidence raises the issue of whether, in the exercise of ordinary care for her own safety, appellant need not have anticipated the possible presence of an obstruction such as appellee's cart and therefore need not have maintained a lookout ahead as she approached and then stepped up to the egg display. "[O]ne is under a duty to look where he is walking and to see *large objects in plain view which are at a location where they are customarily placed and expected to be*; not performing this duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries. [Cits.]" (Emphasis supplied.) *Stenhouse v. Winn-Dixie Stores*, supra at 474-475. Assuming that such a duty did not exist, appellant was authorized to recover. Assuming, however, that such a duty did exist, the evidence does not raise the issue of appellant's possible distraction from its performance. Accordingly, the trial court did not err in refusing to give a charge on the distraction theory. See generally *Georgia Farmers' Market v. Dabbs*, 150 Ga. App. 15, 18 (7) (256 SE2d 613) (1979).

2. The trial court did not err in denying appellant's motion for a directed verdict as to appellee's affirmative defenses. There was sufficient evidence to warrant the submission of those defenses to the jury. Accordingly, instructing the jury with regard to the legal principles applicable to those defenses was likewise proper.

3. At trial, appellant objected "to the Court's failure to charge [her] Request to Charge [Number 15]. . . ." On appeal, appellant enumerates as error the trial court's failure to instruct the jury on the legal principle contained in her written request to charge Number 15. Appellee urges that the objection raised by appellant in the trial court is not sufficient to preserve the right to enumerate error as to the failure to give the requested charge. There is authority for appellee's contention. See *Green v. Dillard*, 176 Ga. App. 574, 576 (2) (337 SE2d 55) (1985). However, "[a]lthough past decisions may suggest that objections to the court's refusal to charge as requested are controlled by the same rule governing objections to the failure to charge [without request] or objections to the charges as given ([cits.]), the Supreme Court has held otherwise. See *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8 (2) (195 SE2d 417) [(1973)]. Thus, ' "[w]here the trial court refused to instruct the jury in accordance with a timely submitted written request, in order to secure review of that action on appeal it is unnecessary for the party to state grounds of objection to

such refusal at the conclusion of the charge." ' [Cit.] It is only necessary that the refusal to charge be objected to at some point [Cit.] Accordingly, appellee's argument that appellant's objection was insufficient is not well taken, and, under the authority of *Continental Cas. Co.*, supra, we deem it proper to review appellant's enumeration of error." *Roberson v. Hart*, 148 Ga. App. 343, 344 (1) (251 SE2d 173) (1978). It follows that, insofar as it requires a statement of the grounds of objection to a trial court's *failure* to give a timely written request, *Green v. Dillard*, supra, is inconsistent with controlling Supreme Court authority and must be overruled.

Appellant's request to charge was: "[A] shopper's mere knowledge of a condition is not the same as the knowledge or comprehension of the danger or risk involved, so that the mere knowledge of a shopper of the existence of that condition will not necessarily prevent such shopper from recovering for injuries sustained as a result of such condition." The request states an accurate legal principle. See generally *Robinson v. Western Intl. Hotels*, 170 Ga. App. 812, 813-815 (1) (318 SE2d 235) (1984). However, assuming without deciding that appellant's request to charge states that legal principle in a sufficiently non-argumentative fashion, the principle would still have to be applicable under the evidence in this case. The legal principle contained in the requested charge would presuppose that appellant had knowledge of the presence of appellee's cart and that she lacked knowledge or comprehension of the danger or risk evidenced thereby. The possibility of stumbling over a cart that one knows is directly in his path or the possibility of falling from a wheeled cart that one voluntarily steps upon is an apparent rather than a hidden danger or risk. Compare *Robinson v. Western Intl. Hotels Co.*, supra, wherein the possibility that one exiting the steps from a particular booth would have a tendency to surge forward was not necessarily apparent to one whose only previous experience with the steps was in entering the booth. Under the evidence, if appellant knew of the presence of appellee's cart in her path and simply walked into it and tripped over it or stepped on it and fell from it, she could not recover. It follows that appellant's request to charge was not adjusted to the evidence and the trial court did not err in refusing to give it.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Sognier, Pope, Benham, and Beasley, JJ., concur.*

DECIDED JULY 13, 1987 —
REHEARING DENIED JULY 30, 1987 — 

*Rikard L. Bridges*, for appellant.

*William C. Sanders*, for appellee.