## A91A0788. WAL-MART STORES, INC. v. HESTER.
### (411 SE2d 507)

POPE, Judge.

In this trip and fall case, appellant/defendant Wal-Mart Stores, Inc., appeals from the judgment entered on the jury verdict in favor of plaintiff/appellee Billy Hester and from the trial court's denial of its motion for judgment notwithstanding the verdict or alternatively for new trial. The evidence presented at trial showed that on June 17, 1986, Hester went to Wal-Mart with a friend and while he was there decided to look at ceiling fans. Hester testified that while he was looking for ceiling fans at eye level, he tripped over a box containing trash bags in one of the aisles.

The trial court found that the evidence was sufficient to charge the jury on the distraction doctrine, and refused to direct a verdict for Wal-Mart. Wal-Mart argues that it was error for the court to deny its motions and charge the jury on the distraction doctrine because if Hester was distracted while in the store, the distraction was self-induced, and therefore, the distraction doctrine is not applicable to this case.

The seminal case on the distraction doctrine in this state is *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375 (124 SE2d 688) (1962). In that case, this court held that where "the plaintiff's attention is distracted by a natural and usual cause" a lesser degree of prudence may be sufficient to constitute ordinary care. Id. at 378. The distraction doctrine, however, is not without limitation. "Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence." Id. at 379.

In this case, Hester testified that at the time he fell he was "looking at the back of the store . . . [at] eye level, looking for the ceiling fans." Thus, Hester's own testimony shows that there was no distraction; he simply was not looking where he was walking at the time he fell.

This case is controlled by the plain view doctrine. "[O]ne is under a duty to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be; not performing this duty may amount to a failure

to exercise ordinary care for one's safety as would bar a recovery for resulting injuries. [Cits.]" *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473, 474-475 (249 SE2d 276) (1978). Merchants customarily place merchandise in aisles, for example, as special displays or when stocking shelves. Hester testified that he knew merchants put merchandise on the floor while they stocked shelves and that he had seen boxes on the floor in other Wal-Mart stores.

"The proof offered clearly puts this case within the line of cases involving the 'plain view' doctrine and effectively eliminates any 'distraction' theory." (Citations and punctuation omitted.) *Gray v. Alterman Real Estate Corp.*, 196 Ga. App. 239, 241 (396 SE2d 42) (1990). Accordingly, Hester failed to prove a prima facie case, and the trial court erred in denying Wal-Mart's motions for directed verdict and for judgment notwithstanding the verdict.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 19, 1991 —
RECONSIDERATION DENIED OCTOBER 15, 1991 —

*Forbes & Bowman, Morton G. Forbes, Ranitz, Mahoney, Forbes & Coolidge, Birney O. Bull*, for appellant.
*Charles W. Cook, Wilmer L. Salter, Jr.*, for appellee.