A92A0913. RIGGS et al. v. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.
(423 SE2d 8)

BEASLEY, Judge.

This is an appeal by the plaintiffs in a trip and fall case in which the trial court granted the defendant's motion for summary judgment.

At approximately 8:00 p.m., appellants-plaintiffs, Johnnie and Gary Riggs, who are husband and wife, were shopping at appellee-defendant's grocery store walking down an aisle looking for cranberry sauce. The store was well lit. Mr. Riggs was pushing a grocery cart, and Mrs. Riggs was walking behind him. Mr. Riggs saw a box containing canned goods sitting on the floor in the center of the aisle. The case was at least twelve inches wide, eighteen inches long, and five-and-one-half inches high. The box had been placed in the aisle by an employee of defendant who was loading the aisles with merchandise so that the night shift could re-stock the shelves. Mr. Riggs walked around the box with the grocery cart and saw no need to warn Mrs. Riggs of the presence of the box. He then spotted the cranberry sauce on the shelf and pointed it out to her. She began walking toward it and tripped over the box while she was looking at the cranberry sauce on the shelf.

Alleging that defendant was negligent in leaving the box of canned goods on the floor and that she had been distracted by the goods on display on the shelves, Mrs. Riggs brought this action against the defendant for personal injuries, and Mr. Riggs asserted a claim for loss of consortium. The defendant moved for summary judgment, arguing that Mrs. Riggs' own negligence caused her injuries and that defendant had no duty to warn of obvious conditions.

This case is controlled by the civil law plain view doctrine. "The doctrine itself is that one is under a duty to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be; not performing this duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries. [Cits.]" *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473, 474 (249 SE2d 276) (1978).

" 'A merchant . . . may place cartons and containers in the aisles while he places articles on the display shelves, and a customer may expect to find such objects in the aisles; nevertheless, the merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone.' [Cit.]" *Big Apple Super Market v. Briggs*, 102 Ga. App. 11, 14 (115 SE2d 385) (1960); *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 428 (1) (263 SE2d 171) (1979); accord *Rich's, Inc. v. Waters*, 129 Ga. App. 305 (199 SE2d 623) (1973).

"It was incumbent upon [plaintiff], as a matter of law, to use her eyesight for the purpose of discovering any discernible obstruction or defect in her path. [Cits.]" *Emory Univ. v. Duncan*, 182 Ga. App. 326, 329 (2) (355 SE2d 446) (1987) (physical precedent only); *Froman v. George L. Smith, Ga. &c. Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990). There is no duty to warn of an obvious peril. *Lee v. Peacock*, 199 Ga. App. 192, 194 (3) (404 SE2d 473) (1991); *Gyles v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987).

Even if we were to accept plaintiff's argument that the defendant was negligent in placing the box in the aisle during store hours, the obviousness of the peril, demonstrated by its plain visibility to Mr. Riggs, precludes recovery for negligence of the defendant. In this regard, *Smith v. Wal-Mart Stores*, 199 Ga. App. 808 (406 SE2d 234) (1991) is indistinguishable.

This does not end the analysis because plaintiff contends she was distracted from seeing the carton by defendant's shelved merchandise. It is true that where the defendant creates or should have known of the existence of a distraction which would normally divert the plaintiff's attention from where he or she is going, questions of fact may be raised as to whether plaintiff by the exercise of ordinary care could have avoided the peril. See *Big Apple Super Market*, supra at (3); *Kroger Co. v. Anderson*, 110 Ga. App. 696 (140 SE2d 108) (1964). "The distraction doctrine, however, is not without limitation. 'Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence.' [Cit.]" *Wal-Mart Stores v. Hester*, 201 Ga. App. 478 (411 SE2d 507) (1991).

Without dispute Mrs. Riggs' attention was drawn to the cranberry sauce on the shelf by her husband pointing out to her its location. He prompted her to look there instead of where she was walking. Her "distraction" was not induced by defendant but was in the nature of being self-induced. Items of stock on shelves in grocery stores are not in themselves distractions. Application of the plain view doctrine cannot, as a matter of law in this case, be avoided by the distraction theory.

In this case, as in *Rich's, Inc.*, supra, *Emory Univ.*, supra; *Lee*, supra; *Gyles*, supra; *Smith*, supra; and *Wal-Mart Stores*, supra, summary adjudication in favor of the defendant was proper.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 — 

*Patrick J. Gibbs*, for appellants.

*Greene, Buckley, Jones & McQueen, J. Russell Phillips*, for appellee.