## A92A1829. RAMIREZ v. KROGER COMPANY.
### (429 SE2d 311)

BIRDSONG, Presiding Judge.

Eva Ramirez appeals from the grant of summary judgment to The Kroger Company in her lawsuit arising from a fall in a Kroger store. The record shows Ms. Ramirez was shopping with her daughter; they were about to check out when they started to look for another item. After someone told them the product was on the top shelf on a nearby aisle, Ms. Ramirez went one way looking for the product and her daughter another. While it is not clear who told Ms. Ramirez the location of the product, giving Ms. Ramirez the benefit of the doubt we will assume that it was a Kroger employee.

Before finding the product, however, Ms. Ramirez tripped over a bread tray placed in the aisle by a Kroger employee stocking the shelves. The record shows the bread tray was four or five inches high, two feet by two feet square, and dark grey in color. The floor of the store is off-white.

Apparently relying on our decision in *Wal-Mart Stores v. Hester*, 201 Ga. App. 478 (411 SE2d 507), the trial court granted summary judgment to Kroger. Ms. Ramirez, however, claims the trial court erred because a genuine issue of material fact exists whether the distraction doctrine applies. *Held*:

In *Wal-Mart Stores v. Hester*, supra, we held that a plaintiff's mere failure to watch where he was going while he shopped would not give rise to application of the distraction doctrine. Ms. Ramirez, however, argues that the distraction doctrine applies in this case because a Kroger employee told her to look on the top shelf of aisle three for the product she wanted.

While our law recognizes circumstances in which Ms. Ramirez might be excused from exercising the degree of care to which the law otherwise holds ordinary and prudent persons, Ms. Ramirez' attempt to avoid the plain view doctrine is not supported by the record. "The [distraction] doctrine [covers] situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur." *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378 (124 SE2d 688). Thus, liability is imposed because of the proprietor's superior knowledge of the object in the aisle and of the item creating the distraction. *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 429 (263 SE2d 171). Here, Ms. Ramirez claims she was distracted because an employee told her where the product could be found and she was distracted while looking for it.

Nevertheless, the distraction doctrine has its limits. See *Froman v. Smith*, 197 Ga. App. 338, 339 (398 SE2d 413). "One valid line of

distinction existing in the so-called 'distraction' cases concerns the cause of the distraction. Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse [her] lack of care for [her] own safety than one who creates an emergency can excuse himself because of its existence." *Redding v. Sinclair Refining Co.*, supra at 378-379. In this instance, the record shows that Ms. Ramirez was not looking at the product when she fell and that she did not even fall where she was told the product she was looking for could be found. Instead, the record shows, without conflict, that she fell while on her way to that location, and according to the diagrams prepared by the witnesses, at a point where she could not even see the location on the shelf where the item was placed. Under the circumstances, the record shows that Ms. Ramirez failed to exercise ordinary care for her own safety sufficient to bar recovery for her injuries. Therefore, this appeal is controlled by *Wal-Mart Stores v. Hester*, supra at 478-479.

Accordingly, the plain view doctrine controls: "[O]ne is under a duty to look where [she] is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be; not performing this duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries." *Stenhouse v. Winn Dixie Stores*, 147 Ga. App. 473, 474-475 (249 SE2d 276). Merchants have the right to put cartons in aisles while shelves are being stocked, and customers may expect to find such objects in the aisles, but merchants must place articles where they do not threaten danger to those using the aisle and where they are in full sight and observation. *Big Apple Super Market of Rome v. Briggs*, 102 Ga. App. 11, 14 (115 SE2d 385). This record shows the bread tray placed in the aisle was a rather large item, and the dark grey color of the tray contrasted with the off-white color of the floor. Further, the tray was placed in full view. Therefore, the trial court did not err by granting summary judgment to Kroger.

*Judgment affirmed. Pope, C. J., Andrews, Johnson and Blackburn, JJ., concur. Carley, P. J., Beasley and Cooper, JJ., dissent. McMurray, P. J., disqualified.*

BEASLEY, Judge, dissenting.

I respectfully dissent.

There is evidence that the employee had brought out a dolly with eight to ten bread trays containing products to be stocked. She placed it directly in front of an end cap and took one of the trays from it and put it in front of the center end cap, which separated aisles two and three. Ms. Ramirez was looking for a product which she says one of the employees said was on top in aisle three. As she came around from aisle two to aisle three, she did not see the bread tray on the floor, stepped in it, and fell. It was not an obstruction which the cus-

tomer could see from a distance, because of where she was coming from.

" '[T]he merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone.' (Cit.)" *Big Apple Super Market of Rome v. Briggs*, 102 Ga. App. 11, 14 (115 SE2d 385) (1960). Whether this obstruction, large and low, was placed in a way which a person rounding the corner would not be expected to see or anticipate before being tripped by it, and whether plaintiff exercised ordinary care in failing to discover the obstruction which she suddenly came upon and to avoid tripping over it, are jury questions in this case. Should Ms. Ramirez have discovered the bread tray in the exercise of ordinary care, before stumbling on it? The question is to be determined "in the light of the attendant circumstances," *Big Apple*, supra, and I cannot say that she should have done so, as a matter of law. Issues of negligence, diligence, and exercise of ordinary care for one's protection, except in plain and indisputable cases, ordinarily are to be decided by the jury. *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 156 (256 SE2d 916) (1979).

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED MARCH 16, 1993.

*Freeman & Hawkins, Alan F. Herman, William G. Scoggin*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Lisa M. Smith*, for appellee.