35246, 35247.   KING HARDWARE COMPANY *v.* TEPLIS
(two cases).

DECIDED OCTOBER 26, 1954.

*Marshall, Greene & Neely, Ferdinand Buckley, Edgar A. Neely, Jr.,* for plaintiffs in error.
*Powell, Goldstein, Frazer & Murphy, Travers Hill,* contra.

QUILLIAN, J. Mrs. Mary Teplis and Louis Teplis, her husband (hereinafter referred to as the plaintiffs), filed their separate petitions in the Fulton Superior Court against King Hardware Company. The petitions alleged in substance that Mrs. Teplis had gone into the defendant's retail store on April 8, 1953, for the purpose of making a purchase; that, after she had made her purchase, she proceeded toward the front store entrance by an aisle provided for customers in passing between merchandise counters upon which goods for sale were displayed; that as she reached the front end of the aisle, which ran from the front to the rear of the store, she tripped on a piece of two-inch mesh chicken wire, which had, unknown to her, been placed on the floor of said aisle by one of the defendant's employees who was measuring off a piece of such wire for sale to another customer; that the end of the piece of wire upon which she tripped was in the aisle and had curled up at its end so that it formed an obstruction approximately six inches above the floor upon which her shoe caught causing her to fall and sustain certain personal injuries; that, as she walked along said aisle and tripped on the wire, her attention was diverted by wares displayed on adjacent counters so that she did not observe said obstruction until she had tripped upon it; that the obstruction was at floor level; that the floor was dark and poorly lighted; that the wire being two-inch mesh chicken wire had little substance; that the defendant knew or in the exercise of ordinary care should have known customers using the aisle would expect it to be free from obstructions; and that the customers' attention would be attracted to the displayed goods so that such customers could not be expected to observe an obstruction in said aisle; and that the defendant was negligent, (a) in permitting the aisle to be obstructed and made unsafe by the presence of the chicken wire, (b) in failing to warn the plaintiff of the allegedly dangerous condition, and (c) in permitting the plaintiff to use the aisle while it was obstructed.

The defendant filed general demurrers to the petitions; the plaintiffs amended by alleging that Mrs. Teplis at all times in question was exercising ordinary care for her own safety; the defendant renewed its general demurrers to the petitions as amended; the court overruled the general demurrers and the exceptions here are to that ruling.

This suit is predicated upon the negligence of the defendant in allowing certain chicken wire to remain in the aisles of its store, over which wire the plaintiff, Mrs. Teplis, stumbled and was injured.

When a customer enters the store of a merchant, the merchant does not become the insurer of the customer's safety; the merchant is required by the law of this State only to exercise ordinary care to avoid injuring the customer. *McCrory Stores Corp.* v. *Ahern*, 65 *Ga. App.* 334 (15 S. E. 2d 797).

The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him. It is his duty, as has been held by this court, to exercise ordinary care to observe such obstructions as an ordinarily prudent man would under normal conditions expect in the aisles of the business house in which he is an invitee. *Delay* v. *Rich's Inc.*, 86 *Ga. App.* 30 (70 S. E. 2d 546).

The customer is not bound to avoid tripping or stumbling over articles which are not usually, or are unusually, obstructing the aisles of a store, and which in the exercise of ordinary care he did not observe. He is not barred of a recovery simply because by extreme care on his part it would have been possible for him to have discerned the articles negligently left in the aisles or passageways customarily used by the store patrons at the merchant's tacit invitation.

It is argued that chicken wire is commonly measured on the floor in the aisles of hardware stores and allowed to extend in the aisles of stores where customers are invited to enter, leave, and go about the store; and that the customer entering the store where chicken wire is customarily sold should take care to observe that it is not unrolled, and extending a few inches from the floor out in the aisle where the shopkeeper has invited him to walk.

This position is not well taken; it is a question for the jury as to what is required of the customer under the facts of each

case, in reference to his duty to observe obstructions on the floor of the store. Some articles are so bulky, or so generally to be expected in the place where the customer is injured by them, that there can be no question that an ordinarily prudent person should observe and avoid them. In this case the chicken wire, extending out into the aisle only a few inches from the floor and hard to see on account of its open texture and light color, was not by any means in that category.

The court properly overruled the general demurrers.

*Judgments in both cases affirmed. Felton, C. J., and Nichols, J., concur.*