A93A1402. BODENHEIMER v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.
(433 SE2d 75)

BLACKBURN, Judge.

On November 9, 1989, the appellant/plaintiff, Charles Bodenheimer, parked his pickup truck in front of a convenience store to use a pay telephone which was mounted on the exterior wall of the store. After making his call, he stepped backward and tripped on some anchor bolts protruding about two inches from the sidewalk where a telephone booth previously had been situated, and fell on one of the bolts.

Subsequently, he commenced this action to recover damages for his injuries against the owners of the convenience store; Southern Bell Telephone & Telegraph Company (Southern Bell); the company hired by Southern Bell to refurbish its telephone booths; and the subcontracting company that actually removed the booth in February 1989. This appeal follows the trial court's grant of summary judgment in favor of all the defendants.

On the day of the incident, the weather was clear and sunny, and no obstruction or distraction prevented Bodenheimer from seeing the protruding anchor bolts in the sidewalk. He admitted that he had not looked down at the sidewalk prior to the trip and fall. After parking his truck, he had looked at the telephone as he walked the short distance to it from his truck; during his call, he had looked away from the store building; and after his call, he had stepped backwards without looking, and tripped over one of the bolts. The anchor bolts were the same general color as the sidewalk, but, as noted by the trial court, photographs in the record reveal that the bolts were visible.

1. In order for an invitee to recover for injuries sustained due to an allegedly hazardous condition on certain property, he must show

fault on the part of the owner or occupier of the property, and his own ignorance of the danger. "[A]n invitee must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the owner's negligence after it becomes apparent to him *or in the exercise of ordinary care he should have learned of it.* He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Anderson v. Dunwoody North Driving Club,* 176 Ga. App. 210, 211 (335 SE2d 451) (1985).

This court has observed that an invitee is under an equal duty with the owner to use his or her sight to discover any defect or dangers on the property. See *Wittenberg v. 450 Capitol Assoc.,* 207 Ga. App. 260, 263 (427 SE2d 547) (1993); *Forde v. C & S Ga. Corp.,* 178 Ga. App. 400, 403 (343 SE2d 164) (1986). "[W]here the evidence shows that the object is most obvious and apparent to sight, so that one looking ahead would necessarily see it, the fact that a plaintiff merely failed to look will not relieve him from responsibility for his own misadventure." *Forde v. C & S Ga. Corp.,* supra at 403.

However, it should be emphasized that "[a]n invitee is not obliged to inspect the premises to discover latent defects nor even to observe patent defects. Looking continuously, without intermission, for defects in a floor is not required in all circumstances. What is a reasonable lookout depends on all the circumstances at the time and place." (Citations and punctuation omitted.) *Pinkney v. VMS Realty,* 189 Ga. App. 177, 178 (375 SE2d 90) (1988). It is clear however, that the controller of the premises has a duty to inspect said premises and to maintain a premises safe from patent defects for the protection of invitees. *Barlow v. Brant,* 206 Ga. App. 313 (425 SE2d 309) (1992); *Begin v. Ga. Championship Wrestling,* 172 Ga. App. 293 (322 SE2d 737) (1984).

In the instant case, there is no question about the appellees' knowledge of the hazard maintained on the sidewalk; they created the condition, and allowed it to exist for nine months in violation of their duty to maintain the premises in a safe condition prior to Bodenheimer's injury. It is uncontroverted that Bodenheimer did not have actual knowledge of the protruding anchor bolts until he tripped and was impaled on one of them. Although it may not be said that the protruding bolts constituted a mantrap or hidden danger, we also cannot say as a matter of law that they were so obvious and apparent to sight that looking ahead would necessarily result in their detection under all circumstances.

The fact that Bodenheimer did not observe the dangerous condition of which defendants had knowledge upon his *approach* to the pay telephone, is of no consequence, as he was not injured at that

time. Bodenheimer traversed the distance to the telephone, made a telephone call, and was injured *as he backed away* from the telephone, in the normal and expected manner of one facing a telephone and of which backing, defendants knew or should have known, would occur as it is generally required that one back away from a pay telephone. With defendants' knowledge of this inherent requirement and the obvious danger of metal bolts protruding from the floor, defendants had a heightened duty to remove the patently dangerous condition. The greater the danger, the greater is the duty of the controller of the premises to inspect and protect.

The operative facts in this case are that Bodenheimer parked his truck just a few feet from the telephone; he kept his eyes on the telephone as he approached it; during his call, he looked away from the building, and not down towards the sidewalk; after completing his call, he stepped back away from the telephone without first looking, and then he tripped over the bolt. In cases of this nature, " '[t]he established standard is whether, taking everything into account the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation.' " *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731, 733 (149 SE2d 527) (1966). Under the facts of this case, we cannot conclude as a matter of law that the "common sense of mankind" would pronounce Bodenheimer's actions as failing to exercise the care of an ordinarily prudent person. For that reason, we find that the appellees were not entitled to summary judgment on this ground.

2. Southern Bell and the company with which it contracted to refurbish its telephone booths also urge this court to uphold the grant of summary judgment for them on the grounds that they may not be held responsible for the acts of the subcontractor who actually removed the booth and left the anchor bolts in the sidewalk, because that subcontractor was an independent contractor. However, we find that summary judgment would also be inappropriate on that basis.

Generally, "[a]n employer is not responsible for torts committed by his employee when the employee exercises an independent business and it is not subject to the immediate direction and control of the employer." OCGA § 51-2-4. Nevertheless, an employer may be liable for the negligence of a contractor in certain situations, one of which is where the employer ratifies the unauthorized wrong of the independent contractor. OCGA § 51-2-5 (6). "Ratification of the wrongful act may result from acceptance of the work on the theory that acceptance shifts the responsibility for maintaining the work in its defective condition to the employer. The ratification must be, not of the contract, but of the unauthorized wrong. Ordinarily, in order to ratify an act, one must have knowledge of the act." (Citations and punctuation omitted.) *Wilmock, Inc. v. French*, 185 Ga. App. 259, 261

(1) (363 SE2d 789) (1987).

In the instant case, issues of fact exist over Southern Bell's and the general contractor's knowledge of the condition left by the independent contractor, and over their acceptance of that condition. Indeed, considering their duty to maintain or leave the premises in a safe condition for invitees, along with the fact that the defective condition was allowed to exist for nine months, it could be argued that the evidence leaves little room for concluding anything other than a ratification of the independent contractor's work.

*Judgment reversed. McMurray, P. J., concurs. Johnson, J., concurs in the judgment only.*

DECIDED JUNE 4, 1993 — RECONSIDERATION DENIED JUNE 21, 1993 — RECONSIDERATION DISMISSED JUNE 28, 1993 — 

*Falanga, Barrow & Chalker, Ronald F. Chalker,* for appellant.
*Murray & Temple, William D. Strickland, John C. McCaffery, Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Gregory H. Wheeler, Croy, Harris & Hammond, A. Cullen Hammond,* for appellees.