### A93A1918. STONE v. WINN DIXIE STORES, INC.
(442 SE2d 1)

Beasley, Presiding Judge.

Stone and his wife filed this negligence action as a result of personal injuries sustained by him when he tripped and fell while shopping at Winn Dixie.

Stone testified that when he and his wife arrived, she went into the grocery store and he went into a garden center in a tent on the parking lot. After walking around the tent looking for vegetable plants, he asked a cashier for directions and she pointed towards

some tomato plants. After surveying them, he again approached the cashier and they conversed for several minutes. When he turned to leave, he tripped and fell over a garden hose which had been coiled up and placed directly behind him by a store employee who was watering plants while Stone was talking to the cashier. Stone acknowledged that the hose was in plain view in the aisle, and that if he had turned around and looked at the ground to see what was at his feet before he turned to leave, he would probably have seen it. In his opinion, doing such is not a standard practice by anyone.

Stone appeals the trial court's grant of Winn Dixie's motion for summary judgment based on the "plain view" doctrine. We reverse.

Although a merchant has the right to place certain articles in the aisles of his store, " 'nevertheless, the merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone.' [Cit.]" *Big Apple Super Market v. Briggs*, 102 Ga. App. 11, 14 (115 SE2d 385) (1960).

It is true that, as in such cases as *Riggs v. Great A & P Tea Co.*, 205 Ga. App. 608 (423 SE2d 8) (1992), and *Wal-Mart Stores v. Hester*, 201 Ga. App. 478 (411 SE2d 507) (1991), the article may have constituted a discernible object within plain view of persons who approached it as they walked in the aisle. But that is not the situation here. A jury would be authorized to find that the store employee placed the coiled part of the hose so that it was not in full sight and observation of plaintiff but rather constituted a hidden obstruction as to him. See *Bodenheimer v. Southern Bell Tel. &c. Co.*, 209 Ga. App. 248 (433 SE2d 75) (1993); *Ga. Farmers' Market Auth. v. Dabbs*, 150 Ga. App. 15, 16 (2) (256 SE2d 613) (1979); see generally *Sears Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 429 (1) (263 SE2d 171) (1979), and cits. One is under a duty to use his or her eyesight for the purpose of discovering any discernible obstruction in the person's path, *Riggs*, supra, but one is not required to look continuously without intermission for defects in a floor in all circumstances. *Bodenheimer*, supra at 249.

Winn Dixie's argument, that there is no evidence that the hose was placed behind Stone while he was talking to the cashier, is without merit. Such evidence is found in Stone's testimony.

The general rule is that issues of negligence are not appropriate for summary adjudication except in plain and palpable cases where reasonable minds could not disagree. *Trillet v. Vulcan Materials Co.*, 199 Ga. App. 583, 584 (405 SE2d 572) (1991). This is not such a case. For one thing, if the aisle was unobstructed when Stone walked in it moments before, it is a jury question whether he exercised due care in relying on the existence of the same condition when he turned to leave. See *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d

527) (1966). In considering negligence, the relationship between the plaintiff and the obstruction is affected by such factors as visibility, time of placement, location, nature of premises, etc. Thus, what is a plainly visible obstruction to one patron may not be to another who approaches it differently. The identification of the negligence, if any, and the party to whom it is attributable, are thus jury questions in this case. *Oliver v. Complements, Ltd.*, 190 Ga. App. 30, 32 (378 SE2d 154) (1989).

*Judgment reversed. Cooper and Smith, JJ., concur.*

DECIDED JANUARY 27, 1994 —
RECONSIDERATION DENIED MARCH 7, 1994 — 

*G. G. Kunes, Jr.*, for appellant.

*Young, Clyatt, Turner, Thagard & Hoffman, Daniel C. Hoffman, Sherry S. Harrell*, for appellee.