## A95A1707. McCRARY v. BRUNO'S, INC.
### (464 SE2d 645)

McMURRAY, Presiding Judge.

Plaintiff Mable McCrary brought this tort action against defendant Bruno's, Inc. d/b/a Piggly Wiggly No. 759, seeking to recover for injuries she sustained when she "came upon and fell on a dangerous

condition" on the premises of defendant's grocery store. Piggly Wiggly Southern, Inc. ("Piggly Wiggly") and Bruno's, Inc. jointly answered and denied the material allegations of negligence. After a period of discovery, the alleged hazard was determined to be a push broom, the kind "you sweep the floor with in a big store," which apparently had been left standing against a shelf in one of the aisles of the grocery store. Defendants moved for summary judgment, contending that any hazard posed by the broom was open and obvious, that plaintiff failed to exercise ordinary care on her own behalf, and that plaintiff "had equal knowledge, or equal opportunity for knowledge, had she been in the exercise of ordinary care."

The evidence, viewed in the light most favorable to plaintiff as the non-movant, shows the following: Plaintiff had been in this Piggly Wiggly store "[h]undreds of times." She has "never been in a grocery store [where she has not] seen something on the floor." Plaintiff has "perfect vision except for reading." She needs eyeglasses "[j]ust to read." On this particular occasion, the lighting was good. Plaintiff had been shopping for about 30 minutes before she fell. She was pushing her shopping cart up one aisle when she realized she had passed an item she wanted from the opposite side of that same aisle. Plaintiff turned around to face the front of the store and moved to the opposite side of the aisle. She was pulling the shopping cart behind her when she "tripped over something and I had my buggy and I was trying to balance myself with my buggy but I fell and when I . . . got up it was a mop a broom or whatever." Plaintiff "wasn't walking backwards. . . ." She "already saw what [she] wanted [and . . .] was just going back to it."

Plaintiff "didn't see [the broom] until after she fell[ and did not] remember having seen it when she [first came] up the aisle." She believed it "may have been leaning up against the shelf at the time [she] ran into it." Once tripped, plaintiff found she "was tangled up in it there." From the floor, plaintiff saw the broom handle now "made a T with the shelf, . . . [l]ike a 90 degree angle. . . ." That is, the handle was "running horizontal or making it across the aisle, making a T . . ." with the shelving. Plaintiff knew "it wasn't a new mop," and this aisle was not that area of the store where mops and brooms are displayed. "No one [else] was in the area." Plaintiff got up on her own and affirmed she had no trouble seeing the broom then, because it was "visible and apparent. . . ." Plaintiff conceded that she "wasn't looking down at the floor . . ." when she fell but was relying on her "whole [peripheral] vision [to see] everything in front[, . . .] floor, shelves and all."

In opposition to defendants' motion for summary judgment, plaintiff submitted her affidavit, wherein she deposed as follows: "Immediately prior to my tripping over the push broom/mop . . . , I had

walked past the area of the aisle where I fell over the push broom/mop. . . . At the time I initially walked by that area, the push broom/mop was not there. . . . I had only taken a step or two past that area when I realized that I had passed by an item . . . I needed. . . . I did not look down on the floor when I went back down the aisle because I had already, moments before, been by that area and there was nothing in the aisle at that time." Plaintiff could not identify "anything that would have blocked [her] view of it [i.e., the broom,] if [she] had looked down before she [fell]."

The trial court granted defendants' motion for summary judgment, and this appeal followed. *Held*:

Plaintiff contends the trial court erred in granting summary judgment because "material facts remained in dispute. . . ." Specifically, she argues that the evidence, with all favorable inferences drawn in her favor, authorizes the jury to conclude that she had "immediately traversed the area where she tripped and fell immediately before the fall, and the broom/mop that caused her trip was not present at that time[; . . . and the] only way the [broom] could have reached that location would have been an employee of the Defendant placing that [broom] there." Relying on *Stone v. Winn Dixie Stores*, 212 Ga. App. 291 (442 SE2d 1), plaintiff urges these circumstances are sufficient to show that a jury question exists as to whether she exercised due care on her own behalf to discover and avoid the hazardous push broom.

Where a plaintiff alleges he tripped and fell over an object negligently placed in a store aisle by the proprietor, the defendant-proprietor "is presumed to have knowledge of its existence. See *American National Bank v. Howard*, 117 Ga. [App.] 834[, 836] (161 SE2d 838) (1968). In this type of case the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of his injury and which could not have been avoided by the plaintiff through the exercise of ordinary care. [Cit.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327). " ' "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." ' *McGrew v. S. S. Kresge Co.*, 140 Ga. App. 149, 151 [(4)] (230 SE2d 119) (1976); *King Hardware Co. v. Teplis*, 91 Ga. App. 13, 15 (84 SE2d 686) (1954). See also, *Stowe v. Gallant-Belk Co.*, 107 Ga. App. 80 (129 SE2d 196) (1962)." *Alterman Foods v. Ligon*, 246 Ga. 620, 623, supra.

"Although a merchant has the right to place certain articles in the aisles of his store, ' "nevertheless, the merchant must so place such articles so as not to threaten danger to those using the aisle and

so that they are in full sight and within the observation of everyone." (Cit.)' *Big Apple Super Market v. Briggs*, 102 Ga. App. 11, 14 (115 SE2d 385)." *Stone v. Winn Dixie Stores*, 212 Ga. App. 291, 292, supra. In the case sub judice, a push broom "leaning up against the shelf" in a grocery store is not so unusual an obstruction in the aisles that a customer would be relieved of the "duty to maintain a lookout ahead for its presence in his path. See *King Hardware Co. v. Teplis*, 91 Ga. App. 13, 15[, supra]; *Kitchens v. Davis*, 96 Ga. App. 30, 34 (99 SE2d 266) (1957)." *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 855 (1) (360 SE2d 415). This familiar article in a grocery store aisle presented a patent and static condition. Such an alleged defect, standing alone, is not dangerous or likely to cause injury until such time as one walks over it without looking. See *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113, 114 (321 SE2d 830). Furthermore, plaintiff's attention in the case sub judice was not distracted away from the hazard by anything but was specifically directed toward the opposite shelf (where the broom was leaning) and whatever item she had missed, "only a step or two past . . ." that area. Consequently, " 'her attention was directed *to the very direction in which she was walking*, and she was not relieved of the duty of avoiding a large, familiar, and conspicuous object in her path. (Cits.) It is generally incumbent upon one to use his eyesight for the discovering of any obstruction that may have been placed in the way. (Cits.)' (Emphasis supplied.) *Slaughter v. Slaughter*, 122 Ga. App. 374, 379 (177 SE2d 119) (1970)." *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 855 (1), supra. Where, as in the case sub judice, " 'there is nothing to obstruct or interfere with one's ability to see such a "static" defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize [any obvious] risk involved. See *Jeter v. Edwards*, 180 Ga. App. 283 (349 SE2d 28) (1986); *Emory University v. Duncan*, 182 Ga. App. 326 (2) (355 SE2d 446) (1987) [(physical precedent)].' *Crenshaw v. Hogan*, 203 Ga. App. 104, 105 (416 SE2d 147)." *Wiley v. Family Dollar Store &c.*, 208 Ga. App. 461, 462 (430 SE2d 839). Furthermore, "when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citations and punctuation omitted.) *Wiley v. Family Dollar Store &c.*, 208 Ga. App. 461, 462, supra. Since plaintiff had just passed the area where the allegedly hazardous broom was leaning against the shelf, she is deemed to have knowledge of its existence. "While we are fully aware of the beneficent and salutary rule, to which this court scrupulously adheres in proper cases, that ordinarily questions of diligence and negligence, including proximate cause, are for the jury, we also recognize it to be the duty of the court to determine those questions in clear, palpable, and indisputable cases.

*Evans v. Georgia Northern R. Co.,* 78 Ga. App. 709, 712 (52 SE2d 28), and cit. [. . .] 'If the plaintiff by ordinary care could have avoided the consequences to himself of the defendant's negligence, he is not entitled to recover.' Code [Ann.] § 105-603 [now OCGA § 51-11-7]." *Atlanta Gas Light Co. v. Brown,* 94 Ga. App. 351, 354 (1) (94 SE2d 612). In our view, the case sub judice is one such case where the evidence clearly, palpably, and indisputably demonstrates that plaintiff failed to exercise ordinary care for her own safety in failing to discern and avoid such danger as was posed by the patent and static condition of the broom leaning against the grocery store shelf in plain view. Compare *Stone v. Winn Dixie Stores,* 212 Ga. App. 291, 292, supra, where the plaintiff in that case "tripped and fell over a garden hose which had been coiled up and placed directly behind [plaintiff] by [one] store employee . . . while [plaintiff] was talking to the cashier." In *Stone,* this Court held that a "jury would be authorized to find that the store employee placed the coiled part of the hose so that it was not in full sight and observation of plaintiff but rather constituted a hidden obstruction as to him." Id. In the case sub judice, plaintiff's affidavit testimony is that when she passed the area where she fell, "the push broom/mop was not there." She took a step or two past and immediately turned to go back down the aisle, whereupon she tripped over the broom and fell. When coupled with her undisputed and uncontradicted deposition testimony that she saw *no one else in that aisle,* the evidence does not create any jury issue as to whether an unseen employee of defendants placed the broom against the shelf behind plaintiff's back and then disappeared, as plaintiff took "a step or two past that area" and then turned around. "A party will not be permitted to maintain in his pleadings a contradiction of those things of which the court is required to take judicial cognizance. Of the primary physical laws the courts must take notice. . . . Since a physical impossibility cannot exist at all, . . . [s]uch an allegation . . . must be wholly disregarded." (Citation omitted.) *Rome R. & Light Co. v. Keel,* 3 Ga. App. 769, 771 (2), 773 (60 SE 468). Given the matter of seconds it could have taken plaintiff to take a "step or two past that area," the only authorized inference in the case sub judice is that the broom was there all along and plaintiff simply failed to see it from either direction. Plaintiff's reliance on *Stone v. Winn Dixie Stores,* 212 Ga. App. 291, supra, is therefore misplaced.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 29, 1995.

*Morris & Sharp, Donald J. Sharp, Gilbert & Montlick, Fred A. Gilbert,* for appellant.

*Jones, Cork & Miller, Timothy Harden III, W. Kerry Howell,* for

appellee.