A95A1986. JONES et al. v. BRASWELL ELECTRIC, INC.

(464 SE2d 628)

SMITH, Judge.

Jannette Jones and her husband brought this action against Braswell Electric, Inc. to recover damages for injuries she incurred when she tripped and fell at her workplace over a coil of wire left on the floor by an employee of Braswell. The trial court granted Braswell's motion for summary judgment, and Jones appeals. We reverse.

Jones worked at a desk on an assembly line at OKI Telecom, which produces computer boards for use in various industries. She was a group leader and was responsible for retrieving parts for other workers on her line, in addition to doing her own work. She walked back and forth on the line many times during the day. On the day of the incident, an employee of Braswell Electric, Philip Brawn, was doing some work at the plant.

After Jones's lunch break, another worker on the line, Sherry Bartlett, asked her to get a part. Jones got up from her work station to retrieve the part and tripped over coiled wires apparently placed on the floor by Brawn. Jones testified in her deposition that although she had seen Brawn at the plant that morning, he was in another area then, and she was at no time aware that Brawn was working near her station. When Bartlett asked her for a part, she rolled her chair back, then "got up to turn and walk away; and that's when I fell."[1]

Jones admitted that the coil was easily seen, that she noticed it after she fell, and that nothing obstructed her vision. She described the coiled wire as approximately fourteen inches wide, six to eight

---

[1] Braswell argues that Jones gave conflicting testimony on this issue at her deposition. We do not find her testimony conflicting. In fact, although Braswell insists that Jones testified she walked four feet before falling, Braswell's attorney suggested that distance, but Jones specifically stated she did not walk that far.

inches high, and multi-colored. She agreed that no reason existed that she did not see the coil before she fell, other than she did not look.

In an affidavit presented in support of Braswell's motion for summary judgment, Bartlett disagreed with portions of Jones's description of the incident. Bartlett stated that she was aware of Brawn working in the area because as she worked, next to Jones, she was able both to see and to hear Brawn pulling wires down the work line behind the chairs. She also stated that Jones stepped over the wires as she walked down the line to get the part and that Jones tripped on the coiled wire on her way back to her work station.

We agree with Jones that these conflicts between her testimony and that of Bartlett are crucial. The trial court concluded that Jones could have avoided the consequences of any negligence on Braswell's part by exercising ordinary care for her own safety. It is true that Jones was required to use all her senses to discover obstructions in her path. *Bodenheimer v. Southern Bell Tel. &c. Co.*, 209 Ga. App. 248, 249 (433 SE2d 75) (1993). If a hazard is open, obvious, and apparent to sight, so that one looking would necessarily see it, the fact that a plaintiff fails to look does not relieve her of responsibility for her own misfortune. Id.

When the hazard is in the nature of a "hidden obstruction" to the plaintiff, however, the rule is different. See, e.g., *Stone v. Winn Dixie*, 212 Ga. App. 291, 292 (442 SE2d 1) (1994). The standard for measuring ordinary care by the plaintiff in such cases "is whether, taking everything into account the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation." (Citations and punctuation omitted.) *Bodenheimer*, supra at 250 (1).

In *Stone*, the plaintiff, a customer in a garden center, stopped to talk with a cashier. As he turned to leave, he immediately tripped over a coiled hose another employee had placed behind him while he was talking to the cashier. This Court concluded in *Stone* that "[a] jury would be authorized to find that the store employee placed the coiled part of the hose so that it was not in full sight and observation of plaintiff but rather constituted a hidden obstruction as to him. [Cits.]" Id. at 292. We held that a question of fact remained regarding whether the plaintiff exercised due care. "In considering negligence, the relationship between the plaintiff and the obstruction is affected by such factors as visibility, time of placement, location, nature of premises, etc." Id. at 293.

Here, a jury must determine material questions of fact. Even if Jones did not see or hear Brawn working behind her, given Bartlett's testimony, a question remains whether she should have noticed his presence and have been alert for the wire. A jury must also choose between two versions of the accident. If they believe Jones's version,

that she fell immediately upon arising from her chair, they would also be authorized to consider whether the coiled wire was a hidden obstruction as to her because turning and looking at the ground before rising from the chair would not be standard practice for anyone. If, instead, the jury credits Bartlett's version of the incident and concludes that Jones stepped over the wire on her way to get a part and fell over it on her way back to her work station, the coiled wire would constitute an open and obvious obstruction. Jones's admission that she failed to look then assumes great importance.

Because genuine issues of material fact remain, the trial court erred in granting summary judgment to Braswell.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 29, 1995.

*Lowendick, Speed & Donahue, William J. Rawls II, Craig R. White*, for appellants.

*Bovis, Kyle & Burch, W. Bruce Barrickman, Michaela S. Young, Timothy A. Hickey, Jr.*, for appellee.