A96A0902. FAULKNER et al. v. HOME DEPOT.
(474 SE2d 311)

JOHNSON, Judge.

In this trip and fall case, Dianne and Richard Faulkner appeal from the grant of summary judgment to Home Depot. We reverse.

"In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence *and all inferences and conclusions* arising therefrom most favorably toward the party opposing the motion. [Cit.]" (Emphasis in original.) *Sunamerica Financial v. 260 Peachtree Street, Inc.*, 202 Ga. App. 790, 793 (2) (a) (415 SE2d 677) (1992).

Viewed in this light, the evidence shows that Dianne Faulkner drove to the Home Depot store and parked in the parking lot. The store was busy. Faulkner walked from her car to the nearest door but discovered it was an exit. She then walked down the sidewalk along the front of the store, toward the entrance. Faulkner soon found the sidewalk blocked by lumber carts and stacks of building materials placed there by Home Depot, so she went out into the fire lane that separated the sidewalk from the parking lot. Faulkner then found the fire lane to be partly obstructed by stacks of landscape timbers, also placed there by Home Depot. Each stack was at least four feet tall, and Faulkner could not see over them. As Faulkner went around the landscape timbers, her attention was diverted to the cars and trucks being driven close by in the busy parking lot, and she did not see a sawhorse leg protruding six to nine inches from beneath one of the stacks of landscape timbers. She tripped on the sawhorse leg and, in the resulting fall, broke her arm and sustained other injuries. Faulkner does not know how or when the sawhorse came to be where it was.

A Home Depot employee, Eddie Jackson, was working in the area in front of the store at the time of Faulkner's fall. Jackson's duties on the day of the fall included setting up sawhorses, helping customers load their vehicles, retrieving carts from the parking lot, and keeping the area safe. In his affidavit, Jackson stated that he had inspected the area within 15 minutes before the fall and had not seen the sawhorse protruding from underneath the landscape timbers.

In a premises liability case, a proprietor is not the insurer of the invitee's safety. *Moore v. Kroger Co.*, 221 Ga. App. 520 (471 SE2d 916) (1996). To survive summary judgment, Faulkner must present evi-

dence from which a jury could infer both that Home Depot had actual or constructive knowledge of the hazard and that she did not know of the hazard or, for some reason attributable to Home Depot, was prevented from discovering it. Id. In other words, she may not recover if she could have avoided injury by exercising ordinary care for her own safety. *McCrary v. Bruno's, Inc.*, 219 Ga. App. 206, 208-210 (464 SE2d 645) (1995).

1. It is undisputed that Home Depot employees placed the stack of landscape timbers where they were. A jury would therefore be authorized to infer that the employees actually knew or should have known that they were placing the timbers on top of the protruding sawhorse. This inference distinguishes this case from cases involving naturally occurring or accidentally spilled substances, some of which hold that an employee's inspection of an area shortly before a fall rebuts an inference of the proprietor's actual or constructive knowledge of the hazard therein. Compare *Roby v. Kroger Co.*, 219 Ga. App. 459, 460 (465 SE2d 496) (1995), and *Smith v. Winn-Dixie Atlanta*, 203 Ga. App. 565, 566 (417 SE2d 202) (1992).

Moreover, "[c]onstructive knowledge may [also] be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard." (Citations and punctuation omitted.) *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 259 (2) (366 SE2d 785) (1988). A jury could find additional support for such an inference in the conflict between the accounts of Jackson on the one hand, and Faulkner and another Home Depot employee on the other, of whether Jackson kept the sidewalk clear of other obstacles. Jackson testified that at the time Faulkner fell, he had removed all but one or two lumber carts from the sidewalk. Faulkner testified that about a dozen lumber carts were lined up on the sidewalk in rows, and another Home Depot employee estimated that there were ten to fifteen on the sidewalk. Faulkner has therefore presented evidence sufficient to raise a jury issue of whether Home Depot had actual or constructive knowledge of the sawhorse, and we must consider the question of Faulkner's knowledge.

2. On the facts before us a jury could infer from the height of the stacks of landscape timbers, and their proximity to the busy parking lot, that Faulkner could not have seen the protruding sawhorse leg until immediately before she tripped over it and that her attention at that time was appropriately diverted to cars and trucks passing close by in the parking lot. Both the height of the landscape timber stacks and their placement near the parking lot are attributable to Home Depot. See *Moore*, supra. Home Depot has failed to show that "there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim. . . ." *Lau's Corp. v. Haskins*, 261 Ga. 491

(405 SE2d 474) (1991). The grant of summary judgment was therefore erroneous.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur. McMurray, P. J., disqualified.*

DECIDED AUGUST 8, 1996.

*Griffin & O'Toole, Gregory A. Griffin, Martin K. O'Toole,* for appellants.

*Goldner, Sommers, Scrudder & Bass, Carroll G. Jester, Jr.,* for appellee.