## A96A1766. BATTEN v. J. H. HARVEY COMPANY.
(477 SE2d 400)

Judge Harold R. Banke.

After slipping and falling on a bag at a food show, Robert Batten sued J. H. Harvey Company ("Harvey"), a promoter and occupier of the premises where the fall occurred. The trial court granted Harvey's motion for summary judgment, and Batten appeals, enumerating two errors.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the undisputed record shows the following. Batten decided to attend a karate exhibition at the food show. He saw people dropping things on the floor and noticed that trash was accumulating. He also knew that bright green and white bags identical to the one on which he slipped were being given to attendees because he had two himself. On the way to his seat at the karate exhibition, Batten observed debris up and down the bleacher steps and on the floor. After watching the exhibition for an hour, Batten left by the same route he used in entering. As he descended the first step, he looked down and noticed

some trash. He then directed his attention to his children, trying to keep them from getting lost in the crowd, but admitted that he knew there was trash on the second step because it had been there when he arrived. Just before Batten fell on the bright green and white bag lying on the third step, his daughter, who had walked further down the bleachers, yelled a warning to him. Batten admitted nothing blocked his view or prevented him from looking down and, if he had, he would have seen the bag. He received emergency medical treatment and was released the same day. He testified that he had recovered from the fall. *Held*:

To avoid summary judgment, Batten had to present evidence that: (1) Harvey had actual or constructive knowledge of the bag and (2) he lacked knowledge of, or Harvey prevented him from discovering, the bag. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234) (1991). The basis for Harvey's liability would be its superior knowledge of the hazard. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992). Evidence that Batten could have acquired knowledge of the hazard by exercising ordinary care for his own safety bars his recovery. *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994); *Shansab Dev. Co.*, 205 Ga. App. at 450.

"It is generally incumbent upon one to use his eyesight for the discovering of any obstruction that may have been placed in the way." (Citations and punctuation omitted.) *McCrary v. Bruno's, Inc.*, 219 Ga. App. 206, 209 (464 SE2d 645) (1995). A bag on the steps, when Batten admitted he had observed such debris on the bleacher steps on his way to the karate exhibition, "is not so unusual an obstruction in the aisles that a[n] . . . [attendee] would be relieved of the 'duty to maintain a lookout ahead for its presence in his path. [Cits.]' [Cit.]" Id. The bag was a patently obvious condition that Batten would have seen had he exercised ordinary care.

Batten's contention that summary judgment was error because Harvey presented no evidence of its lack of actual or constructive knowledge of the hazard misses the mark. As plaintiff, Batten had the ultimate burden of proof, and Harvey, as movant, was not required to negate each element of Batten's case. *Lau's Corp.*, 261 Ga. at 495 (4). Batten offered no evidence of Harvey's actual or constructive knowledge of the bag. Compare *Axom v. Wendy's Intl.*, 219 Ga. App. 623, 624 (466 SE2d 613) (1995). However, Harvey presented undisputed evidence that Batten knew there was trash on the aisle, knew there was trash on the two steps he used prior to his fall, and would have seen the bag on the third step had he looked down. Harvey also offered undisputed proof that when he fell, Batten's attention was on his children, rather than the steps, the exit, the exhibition, or any other diversion created by Harvey. See id. Under the

facts of this case, this evidence was sufficient to establish that Batten could have acquired knowledge of the hazard through the exercise of ordinary care for his own safety. Even assuming Harvey was somehow negligent, Batten's failure to watch where he walked forecloses his recovery. OCGA § 51-11-7; see *Moore v. Winn-Dixie Stores*, 214 Ga. App. 157, 159-160 (2) (447 SE2d 122) (1994).

We reject Batten's contention that the distraction theory precluded summary judgment. That theory has no application here because Harvey did not cause or contribute to Batten's decision to focus his attention on his children rather than on the plainly visible bag on the steps. *Riggs v. Great A & P Tea Co.*, 205 Ga. App. 608, 609 (423 SE2d 8) (1992) (self-induced distractions do not excuse lack of ordinary care).

*Judgment affirmed. Johnson, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED OCTOBER 17, 1996.

*M. Kirby Wood*, for appellant.

*Clyatt, Clyatt, Wallace & DeVaughn, Robert M. Clyatt, Claudia E. DeVaughn*, for appellee.