A96A2341. BRUNO'S, INC. v. WEST.
(481 SE2d 2)

BEASLEY, Judge.

West brought this negligence action against Bruno's, Inc., d/b/a Fresh Value, to recover damages for injuries allegedly sustained as a result of a trip and fall over a box in the aisle of defendant's grocery store. The trial court denied defendant's motion for summary judgment under the authority of *Dill's Food City v. Johnson*, 219 Ga. App. 654 (466 SE2d 250) (1995); *Axom v. Wendy's Intl.*, 219 Ga. App. 623 (466 SE2d 613) (1995); and *Piggly Wiggly Southern v. Brown*, 219 Ga. App. 614 (468 SE2d 387) (1995). We granted defendant's application for interlocutory appeal.

West's fall occurred after she had been shopping in the store for 35 to 40 minutes during early morning hours. As she proceeded up and down each aisle, she became aware that the store was being stocked, as she noticed employees bringing out boxes in the back of the store and saw boxes of stock in some of the aisles. She left her

shopping cart on one side of the last aisle in order to get an item from the display shelf on the other side of the aisle. As she turned to go back to her cart, she tripped on a brown box of canned goods in the aisle. Although she testified she did not remember seeing any boxes in this aisle prior to her fall, she acknowledged that the box was open and obvious and in plain view, and that there were no store employees stocking the aisle when she was there. She also admitted that when she fell, she did not know where she was looking. A store manager testified that stock was put in the last aisle of the store a couple of hours before West's fall.

In the three cases referred to above, this Court held, by 5-4 majorities, that the defendants were not entitled to summary judgment. Each of these cases is factually distinguishable from West's case. See also *Faulkner v. Home Depot*, 222 Ga. App. 449 (474 SE2d 311) (1996). In *Brown*, the Court could not conclude, as a matter of law, that the small puddle of water which caused plaintiff's fall was an open and obvious danger. In *Axom*, the court held that the evidence authorized a finding that the colorless water on which plaintiff slipped was not observable to her before the fall. In *Johnson*, a four-judge plurality decided the case on the ground that one is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when attention has been diverted by a distraction. The author of the present opinion concurred specially because the undisputed facts did not call for analysis under the distraction theory. *Faulkner* also involves distraction.

Those decisions are not inconsistent with such cases as *Riggs v. Great A. & P. Tea Co.*, 205 Ga. App. 608 (423 SE2d 8) (1992). In *Riggs*, we recognized that " ' "[a] merchant . . . may place cartons and containers in the aisles while he places articles on the display shelves. . . ." (Cit.)' [Cits.]" Id. at 609. Plaintiff Riggs was barred from recovery because of her failure to exercise ordinary care for her own safety, in that the box on which she tripped was plainly visible. That is the situation here. It is undisputed that the box was plainly visible. There is no evidence of distraction or that plaintiff fell during a moment of stress or excitement. West's case is controlled by *Riggs* and the cases cited therein, rendering erroneous the court's denial of defendant's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

Decided January 30, 1997.

*Jennings & Sparwath, Stephen H. Sparwath, Long, Weinberg, Ansley & Wheeler, Paul L. Weisbecker*, for appellant.

*Michael J. Moffett*, for appellee.