A97A1216. CARR v. SEARS, ROEBUCK & COMPANY.
(487 SE2d 415)

JOHNSON, Judge.

Hazel Carr brought this negligence action against Sears, Roebuck & Company to recover damages for injuries she sustained when she tripped over a stack of boxes of merchandise located in front of a customer service island at a Sears store and fell. Without making findings of fact or conclusions of law, the trial court granted Sears' motion for summary judgment. Carr appeals.

In reviewing the trial court's ruling, we construe the evidence and all inferences and conclusions arising therefrom most favorably to Carr as the party opposing the motion. Carr testified at a deposition that she went to Sears to return an electric blanket which she had purchased there some months earlier. Carr placed the blanket on a chest high countertop, which extended slightly beyond a customer service island, and then stood at the end of the island while the sales associate assisted another shopper. When the salesperson finished helping the other customer, she asked Carr to come around. Carr slid the blanket down the countertop and proceeded to walk to the front of the island when her foot "hung up" on a box, causing her to fall. Boxes containing foot bath/massagers, described by Carr as being larger than shoe boxes, had been stacked in front of the counter. Carr stated that she could not have seen the boxes from the end of the island because the countertop obscured her view, but admitted that she could have seen the boxes had she looked for them as she moved to the front of the counter. She noted that the store was well lighted and that she was not distracted by anything, including any store employee.

The issue in this case is whether a genuine issue of material fact exists regarding whether Carr exercised reasonable care for her own safety. "Although a merchant has the right to place certain articles in the aisles of his store, nevertheless, the merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone." (Citations and punctuation omitted.) *McCrary v. Bruno's, Inc.*, 219 Ga. App. 206, 208-209 (464 SE2d 645) (1995). And, "one is under a duty to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be; not performing this duty may amount to a failure to exercise ordinary care for one's safety as would bar a recovery for resulting injuries." (Citations and punctuation omitted.) *Wal-Mart Stores v. Hester*, 201 Ga. App. 478, 479 (411 SE2d 507) (1991). In *Hester*, the plaintiff was looking for ceiling fans at eye level when he tripped over a box containing trash bags in one of the aisles. In *McCrary*, the plaintiff tripped over a mop or broom in the aisle of a grocery store. In these cases, this Court held as a matter of law the plaintiffs failed to exercise due care for their own safety when confronted by patent and static conditions. In *Hester*, the court relied on a line of cases which holds that a self-induced distraction does not excuse the failure to exercise care for one's own safety. The presence of merchandise stacked on the floor in front of a customer service island is not an unusual obstruction in a retail store; a customer would not be relieved of the duty to maintain a lookout ahead for its presence. See generally *McCrary*, supra. Where, as here, "there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize any obvious risk involved." (Citations and punctuation omitted.) Id. at 209. Compare *Faulkner v. Home Depot*, 222 Ga. App. 449 (474 SE2d 311) (1996), where the customer did not trip over the merchandise itself, but over the protruding leg of a sawhorse upon which it was stacked.

In *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) (1994), the plaintiff explained that he was not looking where he was going because he was looking at a cashier in order to tell him he was ready to check out. Our Supreme Court did not specifically state that this communication with a store employee amounted to a distraction, thereby relieving the plaintiff of his duty to exercise reasonable care for his own safety, but concluded that the attempted communication with a store employee was itself "some evidence that Barentine exercised reasonable care for his own safety in approaching the check-out counter." Id. at 225. Barantine and the instant case might have been favorably distinguishable, inasmuch as the hazard in *Barentine* was a puddle of clear liquid on the floor, while the hazard in this case was

a large object in plain view. However, the *Barentine* opinion did not address the nature of the hazard or limit its holding to those conditions which may not be readily observable. Even though Carr testified that she was not "distracted" by anything in response to defense counsel's question on deposition, in fact, she was responding to the sales associate's request that she move to the front of the counter at the time she tripped over the box. As non-movant on motion for summary judgment, she is entitled to have all inferences drawn in her favor. Until further clarification of *Barentine*, we are constrained to hold that any communication with a store employee under circumstances such as those presented here, whether initiated by the customer or the employee, is "some evidence" that a plaintiff was exercising reasonable care for his own safety, thus precluding summary judgment. See *Sheriff's Best Buy v. Davis*, 215 Ga. App. 290 (450 SE2d 319) (1994); compare generally *Hornbuckle &c. v. Castellaw*, 223 Ga. App. 198 (477 SE2d 348) (1996). Because Carr was responding to the employee's instruction to come around the counter, there was some evidence that she was exercising reasonable care for her own safety and the trial court erred in granting summary judgment to Sears.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 30, 1997 —
RECONSIDERATION DENIED JUNE 11, 1997 — 
 Before Judge Phillips.
*Warshauer & Woodruff, Michael J. Warshauer, Lyle G. Woodruff,* for appellant.
*Jones, Cork & Miller, Howard J. Strickland, Jr.,* for appellee.