A97A1781. SADTLER v. WINN-DIXIE STORES, INC.
(498 SE2d 101)

MCMURRAY, Presiding Judge.

Plaintiff Ruby Sadtler filed this tort action against defendant Winn-Dixie Stores, Inc., seeking to recover for personal injuries she sustained "because she tripped over merchandise . . . [negligently] placed in an aisle in [defendant's] store." Defendant denied the material allegations and moved for summary judgment, contending that plaintiff may not recover because she had equal knowledge of the alleged hazard, or else she failed to exercise ordinary care to avoid the hazard posed by defendant's negligence.

In support of its motion, defendant relied on the deposition of the 83-year-old plaintiff, who testified she was pushing a buggy straight down the aisle. She was passing a stacked display when she "turned to look — turned — just as [she] turned, [she] struck [her] leg on this box. [She] didn't see this [the bottom box] down there, because there wasn't supposed to be a box down there. But [she] struck [her] leg on that and just fell over. . . ." She explained, "It was blinded, you couldn't see it." But when asked what obstructed her view, plaintiff replied, "Oh, you don't — I don't know, you just don't see — when you see butter stacked up like that, you wouldn't think about another box being sitting out there down below it." Plaintiff had "just looked over

there [for the stir fry], and . . . was going over to . . . that." She had just "started to turn to go over there, and that's when the buggy hit the thing. When I hit that — [She] had the buggy, but [her] leg hit that thing there."

Plaintiff confirmed the box was brown and there was nothing else on the floor. She doubted she could have seen the box if she had been looking down because "it just weren't [sic] visible." She "[did not] know [what, if anything, was hiding her vision of the box], but [she] didn't see it." She "just was going on normal shopping." She affirmed "there [was not] anything blocking [her] view[.]"

There is reference at the deposition to photographs taken by plaintiff's husband the next day, which plaintiff affirmed represented the display "exactly except there was one box there, too." These photographs were not, however, made a part of the record. Plaintiff still holds a valid driver's license and still drives an automobile.

The trial court concluded plaintiff "fell because she did not notice the actual dimensions of the display which were clearly visible," and granted defendant's motion. This appeal followed. *Held*:

Plaintiff enumerates the grant of summary judgment, arguing a jury question remains whether she exercised ordinary care to avoid injury. We agree and reverse.

"Although a merchant has the right to place certain articles in the aisles of his store, nevertheless, the merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone." (Citations and punctuation omitted.) *McCrary v. Bruno's, Inc.*, 219 Ga. App. 206, 208 (464 SE2d 645). "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). But the "invitee is not barred of a recovery simply because by extreme care on his part it would have been possible for him to have discerned the articles negligently left in the aisles or passageways customarily used by the store patrons at the merchant's tacit invitation.' *King Hardware Co. v. Teplis*, [91 Ga. App. 13,] 15 [(84 SE2d 686)]." *Robinson v. Kroger Co.*, 268 Ga. 735, 741 (1) (493 SE2d 403) (1997).

In *Robinson*, the Supreme Court of Georgia "disapprove[d] of the appellate decisions which hold as a matter of law that an invitee's failure to see before falling the hazard which caused the fall constitutes a failure to exercise ordinary care." Id. That Court held "an

invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall. Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." Id. at 748.

In our view of the case sub judice, the question of whether plaintiff exercised ordinary care for her own safety in detecting and avoiding the hazard posed by articles negligently placed or arranged in defendant's aisles falls within the general rule: Such matters "are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748, supra. The grant of summary judgment in this instance was in error.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur. Smith, J., also concurs specially.*

SMITH, Judge, concurring specially.

I concur fully in the majority opinion. I write separately only for the purpose of noting that this case, like *Kelley v. Piggly Wiggly Southern, Inc.*, 230 Ga. App. 508 (496 SE2d 732) (1998) is one of the first opportunities for this Court to apply the revised doctrines of premises liability cases laid down for us by the Supreme Court of Georgia in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). As I indicated in my special concurrence in *Kelly*, the Supreme Court's decision will greatly assist this Court in its work.

Because this Court lacks the authority possessed by the Supreme Court to make policy choices and change the substantive law to conform to those policy choices, frequent disagreements over decisions in premises liability cases were inevitable on this Court had the Supreme Court not intervened. In *Robinson*, the Supreme Court of Georgia made a clear-cut policy choice favoring plaintiffs in these cases. Further, the Supreme Court stated, plainly and emphatically, that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety, are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." Id. at 748.

Although we no doubt will continue to face difficult cases in this area, I have every expectation that this Court will apply *Robinson* fully, with the result that the vast majority of these cases, as the Supreme Court clearly intends, will be for jury determination. The cost likely will be more litigation activity and expense at the trial

court level; the benefit should be a significant decrease in the level of uncertainty surrounding these cases for trial judges, lawyers, and litigants. It appears the Supreme Court determined that this benefit is worth the cost. This Court and the trial courts now must implement the Supreme Court's choice. That duty will present challenges, but I expect it to be less onerous than our task under pre-*Robinson* law.

DECIDED FEBRUARY 24, 1998 ▮

*Walter D. Adams*, for appellant.

*Lee, Black, Scheer & Hart, Steven E. Scheer, Christopher L. Rouse*, for appellee.