A98A1389. DEAL et al. v. CHILDREN'S WORLD LEARNING CENTERS, INC.
(509 SE2d 134)

McMURRAY, Presiding Judge.

In this renewal action, plaintiff Jettie J. Deal sued defendant Children's World Learning Centers, Inc. to recover for personal injuries sustained when plaintiff slipped on defendant's premises. Billy Deal sued to recover for the lost "society, services and companionship of his wife. . . ." Defendant denied the material allegations of negligence and moved for summary judgment, contending it had no actual or constructive knowledge of the hazard and further arguing plaintiff's contributory negligence barred her claim. Viewed in the light most favorable to plaintiff as the non-movant, the record reveals the following evidence: According to her affidavit, plaintiff entered defendant's premises, signed out her grandson and proceeded "with due care down the hall toward [her] grandson's classroom. At that time, [plaintiff's] right foot slid on the floor and went straight and [her] left leg buckled underneath [her], [her] knee hit the floor, and [her] elbow and arm scraped the wall. As [she] pulled [her] pant leg up to look at the injury to [her] knee, [plaintiff] noticed that [her] pant legs were wet. [Plaintiff] looked down at the floor and noticed that there was a puddle of water in the floor about the size of a dinner plate. After [she] slipped and fell, [plaintiff] noticed that there was a ring around the edge of the puddle indicating that it had been there for some time. . . . After [she] fell, [plaintiff] looked up and [defendant's employee] Trish Carter was standing over [plaintiff] as [she] laid in the floor."

Defendant's original incident report indicates "a little water had dripped from a mop and [plaintiff] slipped on it," although a subsequent incident report does not relate how the incident happened. Louise Kelly, a teacher in the infants room, was inside her classroom when plaintiff entered and told Kelly she had fallen. Louise Kelly "didn't notice any water [on the floor] when [she] went out there [into the hall] to get [some] ice for [plaintiff]." Robin Marion Currie, defendant's center director, "was not in the building when [this inci-

dent] occurred, . . . [but plaintiff] said there was water on the floor. . . . [Currie] looked at the area where it was supposed to have occurred[, but] there was no water there at that time." Currie identified plaintiff's Exhibit 2 as the original incident report. She has no "information that says that [exhibit is] not an accurate statement. . . ." Kathy Socciarelli, defendant's assistant director, was approached by employee Trish Carter who told Socciarelli that she, Trish Carter, "was down the hallway or on around the corner and she heard [plaintiff] fall. . . ." When Socciarelli asked why plaintiff had fallen, Trish Carter replied "that there might have been a little water from a mop. . . ." According to Socciarelli, "[i]t's everybody's duty in the building to make sure that it's a safe place. . . . Each teacher took care of [her] own classroom . . .," while Socciarelli and Robin Currie were responsible for the common areas. Socciarelli confirmed "there was no sweep sheet that [any]one completed on a daily basis to periodically show that [someone] had inspected the premises."

The trial court concluded that plaintiff "failed to exercise care for her own safety by failing to avoid the puddle of water the size of a 'dinner plate,'" and granted defendant's motion for summary judgment. Plaintiff brings this direct appeal, urging genuine issues of material fact remain for jury resolution. *Held*:

1. Under the controlling authority of the recent decision of the Supreme Court of Georgia in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403), the trial court's reasoning that plaintiff failed to exercise ordinary care for her own safety, as a matter of law applied to purportedly undisputed facts, is in error. "In *Robinson*, the Supreme Court of Georgia 'disapprove(d) of the appellate decisions which hold as a matter of law that an invitee's failure to see before falling the hazard which caused the fall constitutes a failure to exercise ordinary care.' [Cit.] That Court held 'an invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall. Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation.' [Cit.]" *Sadtler v. Winn-Dixie Stores*, 230 Ga. App. 731, 732 (498 SE2d 101). Thus a genuine issue of fact exists as to whether plaintiff in the case sub judice exercised ordinary care, even though she failed to avoid the hazard posed by a puddle of water the size of a dinner plate. But a judgment that is correct for any reason will be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673). Whether this fact issue is material or ultimately immaterial depends upon whether there is evidence of defendant's superior knowledge of the hazard.

2. "In support of a summary judgment motion, the defendant in a slip-and-fall action still bears the onus of establishing the nonexistence of every material fact, namely, disproving its actual knowledge and pointing out the absence of evidence of its constructive knowledge of the alleged hazard. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)." (Emphasis omitted.) *McConnell v. Smith & Woods Mgmt. Corp.*, 233 Ga. App. 447, 449 (3) (504 SE2d 526).

(a) At her deposition, plaintiff testified that Louise Kelly "told [plaintiff] she [Kelly] almost slipped and fell in that very same place that morning, that — I guess it was that water. Mrs. Kelly said she had almost slipped that morning. That indicate[d] to [plaintiff] the water was already down there that morning[; whereas plaintiff] slipped and fell that afternoon at approximately 2:00 o'clock." On appeal, she urges that this is evidence of defendant's actual knowledge of the puddle.

" ' "[A]n inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility.". . . (Cit.)' *Edwards v. Campbell Taggart Baking Co.*, 219 Ga. App. 806, 807 (1) (466 SE2d 911) (1996)." *Garrett v. NationsBank, N.A. (South)*, 228 Ga. App. 114, 116, n. 2 (491 SE2d 158). In our view, plaintiff's guess that the same water she slipped in at 2:00 p.m. was the cause of Kelly's unexplained near-mishap that morning is too speculative to authorize a finding of defendant's actual knowledge of the hazard.

(b) " '(C)onstructive knowledge may be established by showing that an employee of the proprietor [or occupier] was in the immediate area of the hazardous condition and could have easily seen the substance or that a foreign substance remained on the floor for such a time that ordinary diligence by the [premises occupier] should have effected its discovery.' (Punctuation omitted.) *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629, 631 (3) (b) (493 SE2d 196) (1997)." *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29 (1) (500 SE2d 353).

Defendant argues that its employee Trish Carter was in a breakroom when plaintiff fell and did not witness the fall. But the only evidence relied on by defendant to establish Trish Carter's whereabouts is hearsay, through the statements of Louise Kelly and Robin Marion Currie. Moreover, plaintiff testified that when she entered defendant's school, "Trish Carter was standing at the end of the desk. . . . [Plaintiff] walked past Trish Carter. Just as [plaintiff] walked past Trish Carter, . . . [plaintiff's] right foot slid and slipped on the slippery floor. . . . Trish Carter "was facing this way. . . . She kind of turned around and she was looking at [plaintiff] when [plaintiff] came in. . . . And whenever [plaintiff] fell [Trish Carter] was looking at [her]. She was looking down at [plaintiff] on the floor." Plaintiff "looked up and Trish Carter was standing about three feet

from [plaintiff] looking down at [her] on the floor. . . ." This is evidence from which the jury could conclude that defendant's employee Trish Carter was in the vicinity and could have discovered the hazard in time to warn plaintiff. *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29 (1), 30, supra. Consequently, the record "does not conclusively establish the absence of defendant['s] constructive knowledge, due to the presence of the [employee] in the immediate vicinity where plaintiff fell. [Cit.]" *McConnell v. Smith & Woods Mgmt. Corp.*, 233 Ga. App. 447, 449 (2), supra. The grant of summary judgment on this evidentiary posture was in error.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED NOVEMBER 12, 1998.

*Thomas M. Farrell*, for appellants.

*Tinkler & Associates, William P. Tinkler, Jr., Deana L. Simon*, for appellee.